OPINION
{¶ 1} This is an appeal from an order in which the court of common pleas construed a prior decree of divorce it had entered in an uncontested divorce proceeding and, on the basis of the court's interpretation, denied a motion for contempt.
 {¶ 2} The marriage of Cynthia F. Bond and Charles M. Bond was terminated in an uncontested divorce action on February 1, 2002. The agreed judgment entry was prepared and approved by counsel for Cynthia[1] and was likewise approved by her. Charles was unrepresented, but he also approved the judgment entry Cynthia's counsel had prepared. Cynthia was designated the residential parent of the parties' two minor children, both boys, who were then thirteen and ten years of age.
 {¶ 3} It appears that Charles and his sons and perhaps Cynthia as well are avid fans of motorcycle racing. Charles races motorcycles and the boys each have driven motocross cycles from an early age. The visitation provisions of the decree even specified that "the minor children can race provided that one parent is present for the race."
 {¶ 4} The genesis of the parties' current dispute, and the subject of this appeal, is the following paragraph that appears in the divorce decree:
 {¶ 5} "IT IS FURTHER ORDERED that Defendant shall also pay all racing expenses for the minor children until they are 18 years of age, including but not limited to all registration and entrance fees, fuel, any membership fees or dues, motorcycle pats, sign up fees, gate fees and any racing clothing and gear for all racing events that the Defendant participates in and all expenses that both parties agree upon."
 {¶ 6} On April 29, 2003, Cynthia filed a motion asking that Charles be held in contempt for failing to reimburse her for over $7,000 in racing expenses for the children she had incurred. The matter was referred to a magistrate for hearings and a decision.
 {¶ 7} The magistrate filed a decision finding that, though the racing expenses provision is ambiguous, it requires Charles to pay for all racing expenses Cynthia incurred, except those for the children's clothing and gear for events in which he did not participate. The magistrate found Charles in contempt for failing to pay expenses in the amount of $7,798.94 on which he was thus obligated, and sentenced Charles to serve ten days in jail unless he paid that amount to Cynthia within a stated time. The court adopted the decision pursuant to Civ. R. 53(E)(4)(c). Charles filed timely objections.
 {¶ 8} The trial court sustained Charles' objections in part and overruled them in part. The court found that the "racing expenses" paragraph, though not ambiguous, is nevertheless indefinite, and for that reason Charles should not be held in contempt with respect to the particular obligations he failed to meet. The court rejected Charles' contention that his obligations are limited to expenses incurred in connection with races in which Charles participates.
 {¶ 9} Charles filed a timely notice of appeal to this court from the trial court's order. He presents two assignments of error.
 {¶ 10} First assignment of error
 {¶ 11} "The trial court abused its discretion in holding that the "racing expense" provision within the final judgment decree of divorce was not ambiguous."
 {¶ 12} Second assignment of error
 {¶ 13} "The trial court abused its discretion in its interpretation of the racing expense provision."
 {¶ 14} This matter was before the court on Cynthia's motion asking the trial court to find Charles in contempt. The court denied that request for relief, yet it found that Charles is obligated to reimburse Cynthia the monies the magistrate ordered him to pay.
 {¶ 15} Charles complains that he is aggrieved by the court's holding, and he no doubt is. However, with respect to any error assigned, it must also be shown that the complaining party was prejudiced by the error involved. Smith v. Fletcher (1967),12 Ohio St.2d 107. Harmless errors, that is, errors which do not affect substantial rights, must be disregarded by the reviewing court. Civ. R. 61; R.C. 2309.59
 {¶ 16} Charles is under no particular compulsion or constraint arising from the trial court's order. Therefore, his substantial rights were not affected by the order from which this appeal was taken. Any interpretation the trial court gave the "racing expenses" provision of the prior divorce decree is advisory only. And, though that advice portends future problems for Charles that might cause the court to impose constraints or compulsions on him if he acts otherwise, until that happens his substantial rights have not been prejudiced, at least for purposes of appellate review.
 {¶ 17} A review of the record demonstrates that the parties agreed to the "racing expenses" provision because their boys had engaged in racing activities for many years and the parties wanted that to continue. Charles' obligation to pay the costs associated with their racing activities was a product of that provision. His obligation and the activity to which it applies implicate issues of parental rights and responsibilities; whether it is in the best interests of the children to continue to engage in the activity as they have. Charles testified that that was the purpose of the limitation provision requiring his agreement. He expressed concern that the best interests of the boys had been detrimentally affected by continuing their racing activity, though he clearly also objected as well to what he is required to pay for it.
 {¶ 18} R.C. 3109.04(A)(1) requires the court, upon granting a decree of divorce, to "allocate the parental rights and responsibilities for the case of the children primarily to one of the parents . . . and divide between the parents the other rights and responsibilities for the case of the children . . ." (Emphasis supplied) It is well-settled that the domestic relation court retains continuing jurisdiction, pursuant to and in accordance with R.C 3109.04(B) and Civ. R. 75(J) to modify its prior order allocating parental rights and responsibilities. R.C 3109.03 provides that, in such modification proceedings, divorced parents "shall stand upon an equality as to the parental rights and responsibilities for the care of their children," the presumption in favor of continuing the prior order which arises from R.C. 3109.04(B) notwithstanding.
 {¶ 19} Whether Cynthia should be permitted to allow the parties' two boys to engage in racing activities to the extent they have is a question that implicates her exercise of the parental rights and responsibilities the court conferred on her, "primarily" but not exclusively. Therefore, Charles may ask the court to modify its prior decree in order to limit Cynthia's exercise of her primary right in that connection. The fact that Charles' pecuniary interests are implicated can't be denied, but whether he benefits is a matter collateral to the considerations for modification imposed by R.C. 3109.04(B), which it would be Charles' burden to prove.
 {¶ 20} This case is illustrative of two phenomena that are not uncommon to divorce and dissolution of marriage proceedings. The first is that a party who elects to proceed without representation often finds himself or herself subject to unanticipated burdens. The other is that specific arrangements concerning the care of minor children are often affected by the passage of time, and in that event can be a source of further disagreements. That appears to be the case here.
 {¶ 21} Had Charles retained counsel to represent him in the divorce proceeding, counsel's trained eye likely would have discerned the problems with the racing expenses paragraph in the decree that Cynthia's attorney drafted. We attribute no bad purpose to Cynthia's attorney; such results frequently occur when provisions are negotiated and redrafted. The point is that a party who foregoes representation likewise foregoes its benefits, as Charles has now learned to his expense and discomfort.
 {¶ 22} The assignments of error are overruled. The judgment of the trial court will be affirmed.
Fain, P.J. and Wolff, J., concur.
[1] For clarity and convenience, the parties are identified by their first names.