OPINION
{¶ 1} This is an accelerated calendar appeal, submitted to this court on the record and the briefs of the parties. Appellant, Nancy Rose Lamont, appeals the judgment entered by the Geauga County Court of Common Pleas, Domestic Relations Division. The trial court issued a civil protection order, which prevented appellant from having contact with appellee, Robert Pierre Lamont, III.
 {¶ 2} Appellant and appellee were married in 1984. During the marriage, two children were born, one in 1992 and one in 1997. In April 2004, appellant and appellee had an argument that ended with appellant allegedly hitting appellee with a mop handle. In response to this and other incidents, appellee filed a petition for a civil protection order. Subsequently, the parties filed for divorce, however, the divorce proceedings are not currently before this court.
 {¶ 3} An ex parte, temporary civil protection order was entered on April 22, 2004, the day appellee filed his petition. A full evidentiary hearing was held on the matter before a magistrate. At the hearing, several witnesses testified, including appellant and appellee. Both parties were represented by counsel. On May 7, 2004, the magistrate issued a decision recommending a full hearing domestic violence protection order be issued to prevent appellant from having contact with appellee.
 {¶ 4} The trial court adopted the findings of fact and conclusions of law recommended by the magistrate. On June 8, 2004, the trial court issued a judgment entry precluding appellant from having contact with appellee for five years.
 {¶ 5} Appellant appealed the trial court's judgment entry to this court. We note, pursuant to R.C. 3113.31(G), the granting of a civil protection order is a final appealable order.[1] Thus, we have jurisdiction to address the merits of appellant's appeal.
 {¶ 6} The trial court's judgment entry states that appellant did not file objections to the magistrate's decision. A review of the record reveals it is devoid of timely filed objections to the magistrate's decision. The failure to timely file objections to a magistrate's decision constitutes a waiver of any perceived errors relating to the hearing.[2] However, on June 8, 2004, subsequent to the trial court's protection order being filed, appellant filed a pleading titled "further notice of objections to magistrate's decision." In this document, appellant references objections purportedly filed on May 11, 2004, and claims these objections were intended to be to the magistrate's decision regarding the civil protection order. In light of this document, we will address appellant's claimed error, even though formal, timely objections to the magistrate's decision are not in the record.
 {¶ 7} Appellant raises the following assignment of error:
 {¶ 8} "The trial court erred in sustaining Magistrate D. Lee's determination that the defendant-appellant, Nancy R. Lamont, is guilty of domestic violence."
 {¶ 9} The decision to issue a civil protection order lies within the sound discretion of the trial court.[3] Absent an abuse of that discretion, a reviewing court will not disturb the trial court's judgment.[4] "The term `abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable."[5]
 {¶ 10} "When granting a protection order, the trial court must find that petitioner has shown by a preponderance of the evidence that petitioner or petitioner's family or household members are in danger of domestic violence."[6]
 {¶ 11} At the hearing, appellee testified to several instances were appellant physically abused him. Specifically, he stated she hit him about a dozen times with a mop handle. One of appellee's co-workers testified that he saw bruises on appellee following this incident.
 {¶ 12} In addition to the physical abuse, appellee testified that appellant threatened him. On one occasion, he testified that appellant chased him around the house with a knife. Another incident, he testified that appellant told him that she would "put a bullet in his head." He stated she had the means to follow through on this threat, because she owned a handgun. As a result of the physical abuse and the threats, appellee testified that he was in fear of appellant.
 {¶ 13} Appellant's version of the events painted a different picture. She described prior abuse that appellee had committed against her. In regard to the instant incident, she stated that she merely confronted appellee about internet porn sites that popped up on the family computer. She admitted arguing with appellee, but she denied striking him with a mop handle.
 {¶ 14} There was conflicting evidence from parties regarding the central issues of this matter. The weight to be given to the evidence and the credibility of witnesses are primarily matters for the trier of fact to decide.[7] Apparently, after listening to the witnesses testify and observing their demeanor, the magistrate gave more credence to appellee's version of the facts.
 {¶ 15} Again, pursuant to Blakemore, it is not our job to reweigh the evidence. Rather, we review the evidence to determine if the trial court abused its discretion. In reviewing the transcript, there was ample evidence presented by appellee that, if believed, supports the trial court's conclusion that appellant posed a danger to appellee.
 {¶ 16} The trial court did not abuse its discretion by issuing the civil protection order. Appellant's assignment of error is without merit.
 {¶ 17} The judgment of the trial court is affirmed.
Ford, P.J., O'Toole, J., concur.
[1] Palo v. Palo, 11th Dist. Nos. 2003-A-0049 and 2003-A-0058,2004-Ohio-5638, at ¶ 14, fn.3, see, also, Cunningham v. Morgan, 8th Dist. No. 84100, 2004-Ohio-6007, at ¶ 6, fn.1.
[2] Civ.R. 53(E)(3)(d).
[3] Maglionico v. Maglionico (Nov. 9, 2001), 11th Dist. No. 2000-P-0115, 2001 App. LEXIS 5053, at *4, citing Deacon v. Landers
(1990), 68 Ohio App.3d 26, 31, and Dybo v. Dybo (Nov. 5, 1999), 11th Dist. No. 98-G-2155, 1999 Ohio App. LEXIS 5230.
[4] Id.
[5] Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
[6] Felton v. Felton (1997), 79 Ohio St.3d 34, paragraph two of the syllabus, citing R.C. 3113.31(D).
[7] See, e.g., State v. DeHass (1967), 10 Ohio St.2d 230, paragraph one of the syllabus.