# CLARA SMITH-LAWLER *v.* JOHN A. LAWLER, JR.
## (AC 26952)

Flynn, C. J., and McLachlan and West, Js.

Argued May 26—officially released September 5, 2006

*John A. Lawler, Jr.*, pro se, the appellant (defendant).

*Campbell D. Barrett*, with whom, on the brief, were *C. Michael Budlong* and *Kevin W. Hadfield*, certified legal intern, for the appellee (plaintiff).

*Opinion*

McLACHLAN, J. The defendant, John A. Lawler, Jr., appeals pro se from the denial of his motion to open and to vacate pendente lite orders that granted exclusive possession of the marital home to the plaintiff, Clara Smith-Lawler, and restrained him from harassing or molesting the plaintiff or her family in person or by telephone. The defendant claims that the trial court improperly denied his motion because (1) he was not given reasonable notice that the plaintiff intended to proceed with her pendente lite motions at the short calendar scheduled for July 25, 2005, and (2) the court was biased against pro se litigants. The plaintiff moved to dismiss the defendant's appeal as moot because the court, *Hon. Lawrence C. Klaczak*, judge trial referee, dissolved the marriage of the parties on March 21, 2006, incorporating into its judgment a marital settlement agreement. We agree that the appeal is moot and grant the plaintiff's motion to dismiss the appeal.

The following facts and procedural history are relevant to the disposition of the defendant's appeal. The plaintiff filed the dissolution of marriage action on June 22, 2005. At the time the defendant was served with a copy of the complaint, he also was served with copies of the pendente lite motions for exclusive possession of the marital home and for a restraining order. Both of the motions were granted by the court, *White, J.*, at a hearing held on July 25, 2005. Counsel for the plaintiff was present in court, but the defendant did not appear.

The defendant filed a pro se appearance on August 16, 2005. On August 18, 2005, he filed a motion to open

and to vacate the restraining order and the order awarding exclusive possession of the marital home to the plaintiff. A hearing was held on the defendant's motion on September 6, 2005. Counsel for the plaintiff and the defendant were present. The court denied the motion, and this appeal followed.

The plaintiff filed a motion to dismiss the defendant's appeal on October 3, 2005, claiming that the appeal was not brought from an appealable interlocutory order. This court denied the motion to dismiss on January 11, 2006, and sua sponte ordered the parties to address the final judgment issue in the plaintiff's brief and the defendant's reply brief.[1] On March 21, 2006, the parties' marriage was dissolved, and the judgment of dissolution incorporated the marital settlement agreement. On May 10, 2006, the plaintiff filed a motion to dismiss the defendant's appeal as moot, which the defendant timely opposed. At oral argument before this court, the parties addressed the issue of mootness and the claims on appeal.

"Mootness is a threshold issue that implicates subject matter jurisdiction, which imposes a duty on the court to dismiss a case if the court can no longer grant practical relief to the parties. . . . Mootness presents a circumstance wherein the issue before the court has been resolved or had lost its significance because of a change in the condition of affairs between the parties. . . . [T]he existence of an actual controversy is an essential requisite to appellate jurisdiction; it is not the province of appellate courts to decide moot questions, disconnected from the granting of actual relief or from the determination of which no practical relief can follow. . . . In determining mootness, the dispositive question

---

[1] Because we conclude that the defendant's claims are moot, we do not reach the issue of whether the denial of the motion to open and to vacate the pendente lite orders was an appealable interlocutory order. See *Jones v. Ricker*, 172 Conn. 572, 375 A.2d 1034 (1977).

is whether a successful appeal would benefit the plaintiff or defendant in any way." (Citations omitted; internal quotation marks omitted.) *New Image Contractors, LLC* v. *Village at Mariner's Point Ltd. Partnership*, 86 Conn. App. 692, 698, 862 A.2d 832 (2004).

Here, the defendant has appealed from the court's denial of his motion to open and to vacate pendente lite orders that granted the plaintiff exclusive possession of the marital home and restrained the defendant from harassing or molesting the plaintiff or her family in person or by telephone. "[T]he nature of a pendente lite order, entered in the course of dissolution proceedings, is such that its duration is inherently limited because, once the final judgment of dissolution is rendered, the order ceases to exist." *Sweeney* v. *Sweeney*, 271 Conn. 193, 202, 856 A.2d 997 (2004). With respect to the temporary order addressed to possession of the marital home, no credible argument can be made that the order did not merge into the judgment of dissolution. The parties agreed that the plaintiff would retain the marital home. Moreover, the defendant, in his reply brief, conceded that this issue would become moot once the marriage was dissolved. Accordingly, we conclude that the appeal is moot with respect to the pendente lite order granting exclusive possession of the marital home to the plaintiff.

The defendant argues that the appeal should not be dismissed as moot, however, with respect to the pendente lite order restraining him from harassing or molesting the plaintiff or her family. He does not contest that the order was temporary or that it ceased to exist at the time the final judgment of dissolution was rendered. Nevertheless, the defendant claims that the imposition of the restraining order has caused and will continue to cause him damage.

"[U]nder this court's long-standing mootness jurisprudence . . . despite developments during the pendency of an appeal that would otherwise render a claim moot, the court may retain jurisdiction when a litigant shows that there is a reasonable possibility that prejudicial collateral consequences will occur. . . . [T]o invoke successfully the collateral consequences doctrine, the litigant must show that there is a reasonable possibility that prejudicial collateral consequences will occur. Accordingly, the litigant must establish these consequences by more than mere conjecture, but need not demonstrate that these consequences are more probable than not. This standard provides the necessary limitations on justiciability underlying the mootness doctrine itself. Whe[n] there is no direct practical relief available from the reversal of the judgment . . . the collateral consequences doctrine acts as a surrogate, calling for a determination whether a decision in the case can afford the litigant some practical relief in the future." (Internal quotation marks omitted.) *Chimblo* v. *Monahan*, 265 Conn. 650, 655–56, 829 A.2d 841 (2003).

The claimed collateral consequences of the restraining order, as set forth in the defendant's reply brief, include, inter alia, the potential negative impact on his credit rating, ability to operate a school bus, ability to obtain directors-officers liability insurance as a member of a condominium board of directors and ability to obtain a pistol permit. The defendant argues that the issues on appeal concerning the restraining order need to be addressed by this court because of the harmful collateral consequences that will affect him in the future.

It is important to focus on the type of restraining order issued by the court. The plaintiff moved for, and the court granted, a pendente lite motion that "restrained [the defendant] from harassing or molesting

the plaintiff or her family either in person or by telephone." That restraining order was not issued pursuant to General Statutes § 46b-15[2] or any other statutory provision; it was a common-law restraining order.[3] It is undisputed that the order was never provided to any law enforcement agencies or automatically registered as a protective order pursuant to General Statutes § 51-5c.[4] Because it was a pendente lite order, the restraining order ceased to exist when the final judgment of dissolution was rendered. It was not a statutory restraining order and, therefore, the negative consequences ordinarily flowing from a statutory restraining order do not affect the defendant. Accordingly, the defendant's claimed adverse impact does not apply under the circumstances of this case.[5]

[2] General Statutes § 46b-15 (a) provides: "Any family or household member as defined in section 46b-38a who has been subjected to a continuous threat of present physical pain or physical injury by another family or household member or person in, or has recently been in, a dating relationship who has been subjected to a continuous threat of present physical pain or physical injury by the other person in such relationship may make an application to the Superior Court for relief under this section."

[3] The plaintiff's motion requesting the restraining order alleged only that "[t]he defendant be restrained from harassing or molesting the plaintiff or her family either in person or by telephone." It did not allege that the defendant continuously threatened her with present physical pain or physical injury, nor did the plaintiff submit an affidavit under oath that included a statement of the conditions under which relief was sought, as is required for the issuance of a statutory restraining order pursuant to General Statutes § 46b-15. The restraining order issued against the defendant, therefore, could not qualify as a restraining order under § 46-15.

[4] General Statutes § 51-5c (a) provides: "The Chief Court Administrator shall establish and maintain an automated registry of protective orders that shall contain (1) protective or restraining orders issued by courts of this state, including, but not limited to, orders issued pursuant to sections 46b-15, 46b-38c, 53a-40e, 54-1k, 54-82q and 54-82r, and (2) foreign orders of protection that have been registered in this state pursuant to section 46b-15a. The registry shall clearly indicate the date of commencement, the termination date, if specified, and the duration of any order contained therein. The Chief Court Administrator shall adopt policies and procedures for the operation of the registry."

[5] In his reply brief and at oral argument before this court, the defendant claimed that a record of a restraining order could affect his credit rating,

Having determined that there are no collateral consequences from the expired common-law restraining order, there is no practical relief that can be afforded the defendant. We conclude that the plaintiff's motion to dismiss the defendant's appeal on the basis of mootness should be granted.

The appeal is dismissed.

In this opinion the other judges concurred.

his ability to drive a school bus, his ability to obtain directors-officers liability insurance as a board member of a condominium association and his ability to obtain a pistol permit. If the restraining order had been issued pursuant to General Statutes § 46b-15, its existence could affect, inter alia, employment opportunities and the ability to purchase a weapon. Further, a restraining order issued pursuant to § 46b-15 appears in a national registry and is valid and enforceable in all fifty states. Notice of the statutory restraining order is sent to the law enforcement agencies for the town or towns in which the applicant resides and is employed, and the town in which the respondent resides. In our Supreme Court's recent decision, *Kennedy* v. *Putman*, 279 Conn. 162, 175, 900 A.2d 1256 (2006), the court concluded that "it is reasonably possible that adverse collateral consequences of the domestic violence restraining orders [issued pursuant to § 46b-15] may occur . . . ."

There is nothing in the record to indicate that the defendant has been affected in any adverse way because of the common-law restraining order issued against him. That restraining order was never provided to any law enforcement agency or placed in any registry. The adverse consequences associated with a restraining order issued pursuant to § 46b-15 simply are not present in this case.