# KENNETH BOVE *v.* HOWARD W. BOVE ET AL.
## (AC 32016)

Harper, Beach and Schaller, Js.

Argued February 22—officially released May 24, 2011

*Howard W. Bove,* pro se, the appellant (named defendant).

*John K. Harris, Jr.,* for the appellee (plaintiff).

Opinion

BEACH, J. In this partition action, the defendant Howard W. Bove[1] appeals from the judgment of the trial court granting the motion of the plaintiff, Kenneth Bove, to set a new sale date. The defendant raises numerous claims on appeal, including that it was error for a committee sale of real property to occur during an automatic appellate stay. We affirm the judgment of the trial court.

The present appeal is the fifth that the defendant has filed with this court in this matter. See *Bove* v. *Bove,* 77 Conn. App. 355, 823 A.2d 383 (2003) (*Bove I*); *Bove* v. *Bove,* 93 Conn. App. 76, 888 A.2d 123, cert. denied, 277 Conn. 919, 895 A.2d 788 (2006) (*Bove II*); *Bove* v. *Bove,* 103 Conn. App. 347, 354, 930 A.2d 712 (2007) (*Bove III*); *Bove* v. *Bove,* 115 Conn. App. 901, 971 A.2d 96 (2009) (*Bove IV*). The plaintiff, the defendant and Douglas N. Bove are co-owners of a parcel of real estate located in Thompson and another located in Putnam. On October 5, 2000, the plaintiff commenced this action against his brothers, the defendant and Douglas Bove, for partition or sale of the two parcels. The court, *Foley, J.,* rendered judgment ordering a partition by sale of the two parcels. The defendant appealed from the court's

---

[1] Douglas N. Bove, the parties' brother and co–owner of the properties at issue, also was named as a defendant in this action. Because Douglas Bove did not participate in this appeal, we refer to Howard Bove as the defendant.

judgment of partition by sale. In *Bove I,* we reversed the court's judgment and remanded the case with direction to open the judgment. *Bove* v. *Bove,* supra, 77 Conn. App. 366–67.

Thereafter, the trial court, *Riley, J.,* rendered judgment ordering a partition by sale. The defendant appealed, and, in *Bove II,* we affirmed the judgment and remanded the case for the purpose of setting a new sale date. *Bove* v. *Bove,* supra, 93 Conn. App. 87. The trial court again ordered a partition by sale of the two parcels. The committee of sale (committee) filed a motion for approval of the committee sales, which the court, *Riley, J.,* granted. The defendant filed a motion to open and to vacate the judgment of approval, which the court, *Hon. Russell F. Potter, Jr.,* judge trial referee, denied. The defendant appealed, and, in *Bove III,* we affirmed the judgment of the trial court. *Bove* v. *Bove,* supra, 103 Conn. App. 347.

The committee filed a motion for payment of committee fees and expenses in which it requested, among other things, that the deposits of the successful bidders on the two parcels at the prior sale be forfeited for failure to close on the respective properties in a timely manner. The court, *Booth, J.,* granted the motion. The plaintiff filed a motion for order asking the trial court to set a new sale date for the Putnam property. The court, *Booth, J.,* granted the motion and set a new sale date of March 29, 2008. On March 27, 2008, the defendant filed his fourth appeal, this time from the court's granting of the plaintiff's motion for order. On March 28, 2008, the committee filed a motion for advice in which it suggested that the March 29, 2008 committee sale proceed. The court granted the committee's motion and ordered that the committee sale proceed on March 29, 2008, because the March 27, 2008 appeal was not

timely filed.[2] The partition sale for the Putnam property occurred on March 29, 2008, and the defendant was the highest bidder. The terms of sale required bidders to place a $17,500 deposit. On April 17, 2008, the committee filed a motion for approval of the committee sale. The court, *Booth, J.,* did not act on the motion but, rather, continued it because of the pendency of the appeal in *Bove IV.* In a per curiam opinion, in *Bove IV,* we affirmed the judgment and remanded the case to the trial court with direction to set a new sale date. *Bove* v. *Bove,* supra, 115 Conn. App. 901. The plaintiff thereafter filed a motion to set a new sale date for the Putnam property of February 27, 2010, which motion the court, *Robaina, J.,* granted. This appeal followed.

I

The defendant appears to claim that the March 29, 2008 committee sale of the Putnam property was conducted in violation of an automatic appellate stay that was created when his March 27, 2008 appeal was filed. Conversely, he appears to request as well that the March 29, 2008 committee sale be approved. We conclude that this issue is moot.

Although the issue of mootness was not raised in the appellee's brief, we have a duty to consider it sua sponte. "Mootness is a threshold issue that implicates subject matter jurisdiction, which imposes a duty on the court to dismiss a case if the court can no longer grant practical relief to the parties. . . . Mootness presents a circumstance wherein the issue before the court has been resolved or had lost its significance because of a change in the condition of affairs between the parties. . . . [T]he existence of an actual controversy is an essential requisite to appellate jurisdiction; it is not the province of appellate courts to decide moot

---

[2] The filing of the appeal created an automatic appellate stay. See Practice Book § 61-11 (a).

questions, disconnected from the granting of actual relief or from the determination of which no practical relief can follow. . . . In determining mootness, the dispositive question is whether a successful appeal would benefit the plaintiff or defendant in any way." (Internal quotation marks omitted.) *Smith-Lawler* v. *Lawler*, 97 Conn. App. 376, 378–79, 904 A.2d 1235 (2006). "Mootness implicates this court's subject matter jurisdiction, raising a question of law over which we exercise plenary review." *RAL Management, Inc.* v. *Valley View Associates*, 278 Conn. 672, 680, 899 A.2d 586 (2006).

The rules of practice generally preclude any proceedings in the trial court to enforce or carry out a judgment while an appellate stay is in effect. See Practice Book § 61-11.[3] The March 29, 2008 committee sale was conducted during the automatic appellate stay that was in place as a result of the defendant's March 27, 2008 appeal. Because the March 29, 2008 committee sale occurred in contravention of Practice Book § 61-11, it has no force or effect. See, e.g., *RAL Management, Inc.* v. *Valley View Associates*, supra, 278 Conn. 685 (action in contravention of appellate stay given no effect); *Hartford National Bank & Trust Co.* v. *Tucker*, 181 Conn. 296, 298–99, 435 A.2d 350 (public sale of property ordered while proceedings stayed of no force or effect), cert. denied, 499 U.S. 956, 101 S. Ct. 363, 66 L. Ed. 2d 221 (1980).

Although the committee sale occurred during an appellate stay, the committee sale was not approved by the trial court. The court never acted on the committee's motion to approve the March 29, 2008 committee sale.

---

[3] Practice Book § 61-11 (a) provides in relevant part: "Except where otherwise provided by statute or other law, proceedings to enforce or carry out the judgment or order shall be automatically stayed until the time to take an appeal has expired. If an appeal is filed, such proceedings shall be stayed until the final determination of the cause . . . ."

"A judicial sale is one made as a result of judicial proceedings by a [committee of sale] legally appointed by the court for the purpose. . . . The court is the vendor, and the [committee of sale] appointed to make the sale is the mere agent of the court. The sale is not absolute until confirmed." (Internal quotation marks omitted.) *Hartford Federal Savings & Loan Assn.* v. *Tucker*, 13 Conn. App. 239, 247 n.3, 536 A.2d 962, cert. denied, 207 Conn. 805, 540 A.2d 373 (1988), citing *Raymond* v. *Gilman*, 111 Conn. 605, 613–14, 151 A.2d 248 (1930). "[A] judicial sale becomes complete and creates a legal right to obligations among parties when it is confirmed and ratified by the court." (Internal quotation marks omitted.) *National City Mortgage Co.* v. *Stoecker*, 92 Conn. App. 787, 794, 888 A.2d 95, cert. denied, 277 Conn. 925, 895 A.2d 799 (2006); see also 47 Am. Jur. 2d 498, Judicial Sales § 94 (2006) (highest bid at judicial sale constitutes offer of purchase subject to approval or disapproval by court).

Following *Bove IV* and its direction to simply set a new sale date, the trial court set a new sale date of February 27, 2010, for the Putnam property. With a new sale date in effect, as directed by this court, the March 29, 2008 committee sale was effectively void. Because the committee sale cannot be confirmed and ratified now, there is no practical relief that we can afford to the defendant.

At oral argument, however, the defendant claimed that relief could be afforded to him by way of the return of a deposit he placed to secure the March 29, 2008 committee sale. The trial court has not ruled on this issue, and the issue of return of the deposit is not precisely the same as approval of the sale. Because this court cannot find facts, we do not reach any determination on the record provided regarding any deposit the defendant may have placed on the Putnam property in connection with the March 29, 2008 committee sale.

We leave the resolution of this issue to the trial court upon proper motion, and we express no opinion on the merits of the issue.[4]

## II

The defendant raises numerous additional claims.[5] He, however, has failed to cite any case law and offers virtually no analysis to support these claims. Although we are solicitous of pro se litigants, the rules of practice cannot be ignored completely. See *Cooke* v. *Cooke*, 99 Conn. App. 347, 352, 913 A.2d 480 (2007). We have considered those claims and conclude that they are inadequately briefed, the record on which to review several of the claims is inadequate and the claims largely are moot.[6] See *Smith-Lawler* v. *Lawler*, supra, 97 Conn. App. 378 (not province of appellate courts to decide moot questions); *Statewide Grievance Committee* v. *Rapoport*, 119 Conn. App. 269, 280, 987 A.2d 1075 (this court not required to review issues presented through inadequate brief), cert. denied, 297 Conn. 907, 995 A.2d 639 (2010); *Miller* v. *Miller*, 124 Conn. App. 36, 40, 3 A.3d 1018 (2010) (appellant's burden to provide adequate record for review). No useful purpose is served by further discussion of those claims.

---

[4] The resolution of the deposit and setting of a new sale date are entirely separable issues.

[5] The defendant also claims that (1) the court erred "when it approved a new hearing to grant more time for the plaintiff to close [on the property], without giving the defendant the opportunity to object, ignoring the appellate stay," (2) "the committee [was] derelict in its duty, not seeking the court's approval of the sale when [the fourth] appeal . . . ended," (3) "the court err[ed] when it did not rule on [the] defendant's motion for a continuance," (4) there was a "conspiracy" "[w]hen the sale was ordered, through the apparent misconduct of two judges, and the property was still secured by a deposit" and (5) the court abused its discretion in denying the defendant's motion for injunctive relief.

[6] The concerns expressed by the defendant appear largely to be rendered moot by the effect of our order in *Bove IV*.

## III

The plaintiff requests that we sanction the defendant for filing multiple frivolous appeals to impede the partition process.[7] We note that we have the authority to sanction the defendant for such conduct by, among other things, prohibiting him from filing further appeals without the prior approval of the court. See Practice Book §§ 85-2 and 85-3; see also *Mortgage Electronic Registration Systems, Inc.*, v. *Book*, 110 Conn. App. 833, 835, 956 A.2d 609 (2008), cert. denied, 290 Conn. 909, 964 A.2d 546 (2009). Because the defendant has raised an issue in this appeal that is not entirely frivolous, we decline, at this time, to sanction him. We note, however, that the "perpetual motion machine"[8] created by appellate stays may be derailed by order of this court or, perhaps, appropriate action of the trial court.

The judgment is affirmed and the case is remanded for the purpose of setting a new sale date and for any further proceedings consistent with this opinion.

In this opinion the other judges concurred.

[7] We note that the plaintiff has failed to file a cross appeal raising this matter. See *Housing Authority* v. *Charter Oak Terrace/Rice Heights Health Center, Inc.*, 82 Conn. App. 18, 19 n.1, 842 A.2d 601 (2004) (declining to review claim not brought in appeal or cross appeal). That notwithstanding, we are permitted to raise the issue of sanctions sua sponte. See Practice Book § 85-3.

[8] See *First Connecticut Capital, LLC* v. *Homes of Westport LLC*, 112 Conn. App. 750, 762, 966 A.2d 239 (2009).