KENNETH BOVE *v.* HOWARD W. BOVE ET AL.
(AC 26056)

Dranginis, DiPentima and Gruendel, Js.

Argued October 18, 2005—officially released January 10, 2006

*Conrad Ost Seifert,* for the appellant (named defendant).

*John K. Harris, Jr.,* for the appellee (plaintiff).

GRUENDEL, J. The defendant Howard W. Bove appeals from the judgment of the trial court ordering the partition by sale of properties owned by the parties.[1] On appeal, the defendant claims that the court (1) lacked subject matter jurisdiction to render judgment because he never was served notice of the action properly,[2] (2) abused its discretion by denying his motions for continuances and (3) violated his due process rights by denying his motions for continuances. We disagree and affirm the judgment of the trial court.

This is the second time the defendant has appealed to this court to challenge the trial court's jurisdiction. See *Bove* v. *Bove,* 77 Conn. App. 355, 823 A.2d 383 (2003) *(Bove I).* At the onset of this matter, the plaintiff, Kenneth Bove, commenced an action for partition or sale of two parcels of real property against his brothers, Howard Bove and Douglas Bove. On September 21, 2000, the plaintiff attempted to serve the defendant with notice at a Connecticut address. The defendant thereafter filed a limited appearance[3] and motion to

---

[1] Douglas Bove, a co-owner of the property, also was named as a defendant. Because he did not participate in this appeal, we refer to Howard Bove as the defendant.

[2] In oral argument before this court on October 18, 2005, the defendant conceded that his claim was not a question of subject matter jurisdiction, but rather that it implicates the court's personal jurisdiction.

[3] We note that a "limited" or "special" appearance is no longer recognized or required in this state. See *Pitchell* v. *Hartford,* 247 Conn. 422, 432–33 n.14, 722 A.2d 797 (1999); *Bunche* v. *Bunche,* 36 Conn. App. 322, 323 n.2, 650 A.2d 917 (1994). "[B]efore 1978, a defendant wishing to contest the presence of personal jurisdiction had to file a special or limited appearance to do so because the filing of a general appearance was a submission to the general jurisdiction of the court. . . . The predecessor to [Practice Book] § 10-30, former [Practice Book] § 142, modified that rule by permitting such a motion to dismiss after a general appearance, as long as that motion was filed within thirty days of the filing of the appearance." (Citation omit-

dismiss on the ground that the court lacked jurisdiction because his abode was located in Florida. The court granted the defendant's motion on November 7, 2000, but later found on November 15, 2000, that the defendant had actual notice of the pendency of this particular action. The defendant subsequently was defaulted for failure to plead, and on March 14, 2001, the plaintiff filed a motion to default the defendant for failure to appear, which was granted on November 5, 2001. A hearing in damages then was held, in which the court ordered that the interests of the owners would be served best by sale of the property rather than by partition in kind. In its February 11, 2002 memorandum of decision, the court noted that because this was an action in rem, it was able to exercise jurisdiction even though the action as to the defendant had been dismissed. Id., 356–58. The defendant appealed and, in *Bove I*, we held that because the defendant had been served improperly and did not choose to waive the inadequate service of process, the court lacked jurisdiction over the defendant and his interest in the properties. Id., 366–67.

Following *Bove I*, the plaintiff filed a motion for first order of notice, which the court granted on June 17, 2003. The plaintiff again attempted service of process on the defendant, this time at his Florida address by certified letter, which was returned as unclaimed. The defendant again filed a limited appearance and motion to dismiss, challenging the court's jurisdiction. On January 29, 2004, the case was marked off the court's short calendar for insufficient service.

On February 10, 2004, the court granted the plaintiff's motion for second order of notice, ordering in hand service to be made on the defendant. A return by proper

ted.) *University of Connecticut* v. *Atlantic Coast Conference*, Superior Court, judicial district of Tolland, Docket No. 82695 (February 23, 2004) (36 Conn. L. Rptr. 623, 624).

officer was entered on February 27, 2004. The plaintiff then moved to default the defendant for failure to appear, which the court granted on April 13, 2004.[4] On June 3, 2004, the defendant filed another limited appearance and motion to dismiss. When neither party appeared at the hearing in damages scheduled for June 9, 2004, the court dismissed the action. On July 12, 2004, the court granted the plaintiff's motion to open the judgment of dismissal, and on August 16, 2004, granted the plaintiff's motion for finding of actual notice. Another hearing in damages was held on October 28, 2004, and the court again ordered partition by sale of the properties. The defendant again appealed to this court.

I

The defendant first claims that the court did not have jurisdiction to order partition by sale because it did not have jurisdiction over him. Specifically, the defendant argues that he did not have actual notice of the action because the "improper drop service" by a Florida sheriff was not sufficient to meet the statutory requirements for service of process. Because of the inadequate service, the defendant argues that *Bove I* requires the present action to be dismissed. We do not find that argument persuasive.

The following additional facts are relevant to the defendant's claim. The application for second order of notice that the court granted on February 10, 2004, ordered that in hand service be made on the defendant by a proper officer of the sheriff's department of Volusia County, Florida, on or before March 4, 2004. Thereafter, on February 21, 2004, Ben F. Johnson, a Florida sheriff, attempted service on the defendant at his home. The sheriff acknowledged the defendant, but, instead of

---

[4] Although the record reflects that the motion was granted, the defendant claims that it was denied. Because resolution of that claim is not necessary for this appeal, we do not address his claims.

receiving service, the defendant jogged across the street onto a beach. Because the defendant did not allow the sheriff to serve him with the papers, the sheriff put the process in the defendant's mailbox.[5] When the defendant became aware that the sheriff had placed papers in his mailbox, he contacted the United States Postal Service. A letter carrier then removed the papers and took them to a supervisor, who contacted the sheriff's department. A representative from the sheriff's department later removed the papers. Subsequently, the defendant entered a limited appearance on June 3, 2004, in order to file a motion to dismiss, challenging the adequacy of the service of process. The plaintiff subsequently filed a motion for finding of actual notice, which the court granted on August 16, 2004.

We begin by setting forth our standard of review. "A challenge to the jurisdiction of the court presents a question of law. . . . Our review of the court's legal conclusion is, therefore, plenary." (Citation omitted.) *Pitruzello* v. *Muro*, 70 Conn. App. 309, 313, 798 A.2d 469 (2002).

In *Bove I*, we stated the law regarding the court's exercise of personal jurisdiction in this matter. "[T]he Superior Court . . . may exercise jurisdiction over a person only if that person has been properly served with process, has consented to the jurisdiction of the court or has waived any objection to the court's exercise of personal jurisdiction." (Internal quotation marks omitted.) *Bove* v. *Bove*, supra, 77 Conn. App. 362. "If the defendant is outside the state, the proper manner to effect service is to apply for an order of notice specifying the kind of proper notice which is most likely to come to the defendant's attention." Id., 365. Here, the

[5] Specifically, the sheriff's return stated: "2/21/04 DEP DROPPED SERVED W/M APPROX 6'2,185# BALD WEARING RED SWEAT TAN SLCKS EXITED 4280 S ATLANTIC AV ACKNOWLEDGED SUBJECT WHO JOGGED ACROSS STREET ONTO BEACH DEP PUT PAPER IN MAIL BOX."

court was within its discretion to determine that in hand service would best achieve this goal.

"In order that a valid judgment may be rendered against a nonresident upon whom it is claimed that constructive service has been made, [General Statutes] § 52-284[6] must be strictly observed and the facts showing compliance with it must appear of record." (Internal quotation marks omitted.) *Bove* v. *Bove*, supra, 77 Conn. App. 365–66. Here, we look to the facts described in the sheriff's return to demonstrate compliance with the requirements for service of process. "The return is prima facie evidence of the facts stated therein." *Jenkins* v. *Bishop Apartments, Inc.*, 144 Conn. 389, 390, 132 A.2d 573 (1957).

"Notice of a complaint coupled with good faith attempted service is sufficient to confer jurisdiction where a party is evading service of process. *Avianca, Inc.* v. *Corriea*, 705 F. [Sup.] 666 [685] (D.D.C. 1989)." *Banco Latino, S.A.C.A.* v. *Lopez*, 53 F. Sup. 2d 1273, 1281 (S.D. Fla. 1999); see also 72 C.J.S., Process § 43 (b) (1987) ("[w]here facts occur which would convince a reasonable man that personal service of process is being attempted, service cannot be avoided by denying service and moving away without consenting to take the document in hand; and service may be effected by depositing the paper in some appropriate place in his presence where it will be most likely to come into his possession"); 62B Am. Jur. 2d, Process § 190 (2005) ("Even though a defendant refuses physical acceptance

---

[6] General Statutes § 52-284 provides in relevant part: "When the defendant is not a resident or inhabitant of this state and has estate within the same which has been attached . . . the court to which such action is returnable, or any judge, clerk or assistant clerk thereof shall make such order of notice to the defendant as is deemed reasonable to apprise him of the institution or pendency of such complaint and attachment. Such notice, having been given and proved, shall be deemed sufficient service of process in such action, and such attachment shall thereupon become effective against such estate and the defendant in such action."

of a summons, service is complete if a defendant is in close proximity to a process server under such circumstances that a reasonable person would be convinced that personal service of the summons is being attempted. Delivery of a summons to the person to be served who resists service may be accomplished by leaving it in his or her general vicinity . . . ."). The sheriff's attempt to serve the defendant with process before he fled to the beach and the subsequent service in the defendant's mailbox are sufficient to constitute good faith efforts at compliance when the defendant was clearly evading service.[7]

"It is essential . . . that reasonable notice be given and that an opportunity to participate in the proceeding be afforded to the persons whose rights may be affected." (Internal quotation marks omitted.) *Bove* v. *Bove*, supra, 77 Conn. App. 363. The defendant's actions subsequent to the service by the Florida sheriff support the court's conclusion that the defendant had actual notice of the contents of the process and the proceeding pending in the court. After refusing to accept in hand service of process, deliberately avoiding contact with the process left in his mailbox, and filing no fewer than six limited appearances and numerous other motions

---

[7] The defendant accused the sheriff, court clerk and plaintiff's attorney of mail fraud and now argues that service in a mailbox is not sufficient. In certain circumstances, such service meets the statutory requirements of Florida and Connecticut. In *Palamara* v. *World Class Yachts, Inc.*, 824 So. 2d 194, 194–95 (Fla. App. 2002), the Florida appeals court stated: "The trial court found that appellant had attempted to evade service by running away from the process server. There was evidence showing that, as the server attempted to serve appellant outside his place of business, appellant ran inside and would not come out. In addition, testimony showed that appellant was informed of the contents of the notice, that the notice was placed on the door through which appellant later came out, and that the appellant had picked the papers up. This evidence was sufficient to support the finding that appellant had been personally served." In *Tax Collector* v. *Stettinger*, 79 Conn. App. 823, 826–27, 832 A.2d 75 (2003), service in the defendant's mailbox was sufficient to confer personal jurisdiction on the court.

in this tortured case, the defendant asks this court to conclude that he did not have notice of the action pending against him and was denied the opportunity to participate in the proceeding. The facts, as stated, do not support that conclusion. Accordingly, the court had jurisdiction.

## II

The defendant next claims that the court abused its discretion by not granting his motions for continuances. Specifically, he argues that because the court granted the plaintiff's September 16, 2005 motion for a continuance,[8] but denied three of the defendant's subsequent motions for continuances of the October 28, 2004 hearing date, the balance of the equities demonstrates that the court should have granted his motions. We disagree.

"A motion for continuance is addressed to the discretion of the trial court, and its ruling will not be overturned absent a showing of a clear abuse of that discretion. . . . We are especially hesitant to find an abuse of discretion where the court has denied a motion for continuance made on the day of trial. . . . Every reasonable presumption in favor of the proper exercise of the trial court's discretion will be made. . . . In deciding whether to grant a continuance, the court of necessity balances several factors, including the importance of effective case flow management and the relative harm or prejudice to both parties. . . . Absent a showing of actual prejudice, the court will not be found to have abused its discretion when denying the defendant's motion for a continuance." (Citations omitted; internal quotation marks omitted.) *Irving* v. *Firehouse Associates, LLC,* 82 Conn. App. 715, 719–20, 846 A.2d 918 (2004).

---

[8] The plaintiff sought a one or two day continuance of the hearing originally scheduled for September 28, 2004, because he was attending hearings at the United States Bankruptcy Court in Hartford at the same date and time.

We begin by summarizing the age and history of this case. The original action was instituted on September 21, 2000, by the plaintiff when he attempted to serve the defendant with a writ of summons and complaint. At the time the court denied the motions, this drawn out matter had been the subject of an appeal to this court and numerous motions and objections by the defendant, often without the defendant's compliance with the rules of practice and seemingly in furtherance of the defendant's efforts to frustrate resolution of the plaintiff's complaint. The court was within its discretion to consider that procedural history when acting on each of the defendant's motions for continuances.

The defendant's first motion for a continuance was filed with the court on September 20, 2004, requesting that the hearing be continued for ninety days because he was engaged in proceedings in a Florida criminal court where he would have "many Motions on Constitutional issues to be argued during October and November . . . ." The defendant substantiated his motion with notice from the Volusia County Circuit Court. Such notice, however, indicated only one date in October, 2004, when the defendant's presence would be required in Florida courts. Accordingly, the court was within its discretion to deny the continuance where there was no evidence that the defendant would be unable to proceed in this matter because of other pending matters in Florida.

The court declined to act on the defendant's second motion for a continuance, effectively denying it, citing that the defendant previously had been defaulted. As the court was within its discretion to deny the continuance, any error in the court's action did not prejudice the defendant. The defendant's October 18, 2004 motion specified no length for the desired continuance, but merely stated that his wife on October 25, 2004, was to undergo medical evaluation and treatment for an

ongoing condition and that the treatment was expected to last several weeks. The defendant was given notice of the October 28, 2004 hearing on September 17, 2004, but did not disclose the perceived conflict until weeks later. It was within the court's discretion to consider that evidence with regard to the likely length of the delay, the legitimacy of the defendant's proffered reason in support of the motion and the defendant's personal responsibility for the perceived conflict. Accordingly, the court did not abuse its discretion in not granting the defendant's motion for a continuance.

As with the second motion for a continuance, the court implicitly denied the defendant's October 24, 2004 motion for a continuance by not acting on it. Similarly, the court acted within its discretion in doing so, and no prejudice resulted. We begin by noting that the court was within its discretion to deny the motion because it did not meet the requirements[9] of Practice Book § 11-1.[10] The defendant merely faxed to the court a copy of the notice advising him of the hearing in Connecticut and a copy of the Florida notice advising him of that hearing, with a note stating: "I have a problem which takes priority over this trial date. See attached." Nonetheless, when considering the merits of the request, the court did not abuse its discretion in denying a continuance. Acknowledging the history of this case, that the

[9] Although we recognize that the defendant was acting pro se at the time that continuance was requested, we note that "although we allow pro se litigants some latitude, the right of self-representation provides no attendant license not to comply with relevant rules of procedural and substantive law." (Internal quotation marks omitted.) *Shockley* v. *Okeke*, 92 Conn. App. 76, 85 n.9, 882 A.2d 1244 (2005).

[10] Practice Book § 11-1 provides in relevant part: "Every motion, request, application or objection directed to pleading or procedure . . . shall be in writing and shall . . . have annexed to it a proper order, and a proper order of notice and citation, if one or both are necessary. Such motion, request, application or objection shall be served on all parties as provided in Sections 10-12 through 10-17 and, when filed, the fact of such service shall be endorsed thereon."

notice of this hearing was issued on September 17, 2004, weeks before the Florida notice to the defendant was issued on October 18, 2004, and that the hearings were scheduled for different days, the court did not abuse its discretion by denying a continuance.

### III

The defendant claims that the court violated his fifth amendment due process rights when it denied his motions for continuances.[11] We disagree.

We have stated: "[I]f the reasons given for the continuance do not support any interference with [a] specific constitutional right, the [reviewing] court's analysis will revolve around whether the trial court abused its discretion." (Internal quotation marks omitted.) *Kelly* v. *Kelly*, 85 Conn. App. 794, 799–800, 859 A.2d 60 (2004). Here, the defendant's reasons for each of his motions for continuances did not implicate any constitutional right, but rather related to his convenience or desire to avoid resolution of the action. The court's denials of continuances did not prevent the defendant from appearing at the October 28, 2004 hearing and, thus, did not prevent him from exercising his due process rights. Rather, it was the defendant who chose not to appear and rendered himself incapable of presenting the jurisdictional and substantive arguments alleged in his brief. We conclude that the defendant's fifth amendment due process rights were not violated and, accordingly, review the court's denial of the defendant's motions for continuances under the abuse of discretion standard, as already discussed. See id. The court did not abuse its discretion in denying the defendant's motions for continuances.

The judgment is affirmed and the case is remanded for the purpose of setting a new sale date.

In this opinion the other judges concurred.

---

[11] The defendant did not preserve the constitutional issue, but pursues it on appeal pursuant to *State* v. *Golding*, 213 Conn. 233, 239–40, 567 A.2d 823 (1989).