KENNETH BOVE *v.* HOWARD W. BOVE ET AL.
(AC 28130)

Schaller, DiPentima and Gruendel, Js.

Submitted on briefs May 21—officially released August 21, 2007

*Conrad Ost Seifert* filed a brief for the appellant (named defendant).

*John K. Harris, Jr.,* filed a brief for the appellee (plaintiff).

GRUENDEL, J. In this partition action, the defendant Howard W. Bove[1] appeals from the denial of his motion to open and to vacate the judgment rendered by the trial court granting the motion of the committee of sale (committee) for approval of the sales of two parcels of real property. On appeal, the defendant claims that the court improperly approved the sales of the properties because (1) the plaintiff, Kenneth Bove, interfered with the sale of one of the properties and did not act in good faith, and (2) mistakes were made that affected the bidding and sales. We affirm the judgment of the trial court.

The present appeal is the third that the defendant has filed with this court. See *Bove* v. *Bove*, 77 Conn. App. 355, 823 A.2d 383 (2003) (*Bove I*); *Bove* v. *Bove*, 93 Conn. App. 76, 888 A.2d 123, cert. denied, 277 Conn. 919, 895 A.2d 788 (2006) (*Bove II*). On October 5, 2000, the plaintiff commenced this action for the partition or sale of real estate located in Putnam and Thompson against his brothers, the defendant and Douglas Bove. In *Bove I* and *Bove II*, the defendant appealed from the court's judgment of partition by sale of the two parcels of land. Both appeals involved, inter alia, the defendant's claim that the court lacked jurisdiction to render judgment. In *Bove I*, this court agreed that the trial court lacked jurisdiction because the defendant had been served improperly and had not waived the inadequate service of process. Accordingly, we remanded the case to the trial court with direction to open the judgment. *Bove* v. *Bove*, supra, 366–67.

"Following *Bove I*, the plaintiff filed a motion for first order of notice, which the court granted on June 17,

---

[1] Douglas Bove, the parties' brother and co-owner of the properties, also was named as a defendant in this action. Because Douglas Bove did not participate in this appeal, we refer to Howard Bove as the defendant.

2003. The plaintiff again attempted service of process on the defendant, this time at his Florida address by certified letter, which was returned as unclaimed. The defendant again filed a limited appearance and motion to dismiss, challenging the court's jurisdiction. On January 29, 2004, the case was marked off the court's short calendar for insufficient service.

"On February 10, 2004, the court granted the plaintiff's motion for second order of notice, ordering in hand service to be made on the defendant.[2] A return by proper officer was entered on February 27, 2004. The plaintiff then moved to default the defendant for failure to appear, which the court granted on April 13, 2004. On June 3, 2004, the defendant filed another limited appearance and motion to dismiss. When neither party appeared at the hearing in damages scheduled for June 9, 2004, the court dismissed the action. On July 12, 2004, the court granted the plaintiff's motion to open the judgment of dismissal, and on August 16, 2004, granted the plaintiff's motion for finding of actual notice. Another hearing in damages was held on October 28, 2004, and the court again ordered partition by sale of the properties." Bove v. Bove, supra, 93 Conn. App. 79–80. The defendant again appealed from the judgment of partition by sale, and this court affirmed the judgment and remanded the case for the purpose of setting a new sale date. Id., 87.

On June 5, 2006, the trial court again ordered a partition by sales of the two parcels of real property, both of which occurred on July 29, 2006. On August 3, 2006, the defendant filed a motion for a judgment to void the

---

[2] The court ordered that "in hand service be made . . . by a proper officer of the sheriff's department of Volusia County, Florida, on or before March 4, 2004. Thereafter, on February 21, 2004, Ben F. Johnson, a Florida sheriff, attempted service on the defendant at his home. The sheriff acknowledged the defendant, but, instead of receiving service, the defendant jogged across the street onto a beach." Bove v. Bove, supra, 93 Conn. App. 80–81.

sales, and on August 11, 2006, the committee filed a motion for approval of the committee sales. On August 21, 2006, the court, *Riley, J.,* held a hearing on the motions, which resulted in the denial of the defendant's motion and the granting of the committee's motion for approval of the sales.[3] On September 1, 2006, the defendant filed a motion to open and to vacate the judgment of approval due to judicial misconduct. After a hearing on the defendant's motion on September 18, 2006, during which the defendant offered many of the same arguments that he had made during the hearing on his motion for a judgment to void the sales, the court, *Hon. Russell F. Potter, Jr.,* judge trial referee, denied the defendant's motion in a memorandum of decision dated September 29, 2006. This appeal followed.

We begin by setting forth the applicable standard of review. "The principles that govern motions to open or set aside a civil judgment are well established. A motion to open and vacate a judgment . . . is addressed to the [trial] court's discretion, and the action of the trial court will not be disturbed on appeal unless it acted unreasonably and in clear abuse of its discretion. . . . In determining whether the trial court abused its discretion, this court must make every reasonable presumption in favor of its action. . . . The manner in which [this] discretion is exercised will not be disturbed so long as the court could reasonably conclude as it did." (Internal quotation marks omitted.) *Cox* v. *Burdick,* 98 Conn. App. 167, 176–77, 907 A.2d 1282, cert. denied, 280 Conn. 951, 912 A.2d 482 (2006).

We note that the defendant's appeal form states that he is appealing from the "[f]inal judgment of September 29, 2006, denying [the defendant's] Motion to Open and

[3] On the same day, the court also granted the committee's motions for approval of committee deeds, acceptance of committee reports and the allowance of fees and expenses.

Vacate Judgment."[4] The defendant's motion to open and to vacate the judgment alleged that the August 21, 2006 hearing was tainted due to judicial misconduct.[5] On September 18, 2006, the court, *Hon. Russell F. Potter, Jr.*, judge trial referee, conducted a hearing on the defendant's motion. On September 29, 2006, it denied the motion in a memorandum of decision, which stated that "[t]he defendant . . . in his motion to vacate a judgment of partition, has alleged that counsel for the plaintiff admitted on the record, during a hearing held August 21, 2006, that he (plaintiff's counsel) had engaged in an ex parte conversation with the trial judge relative to the case prior to hearing. A review of the record reveals no such admission was made by the attorney for the plaintiff."

In the defendant's appellate brief, he offers only a cursory description of the motion to open and to vacate the judgment, which consists of quotations from the September 18, 2006 hearing: "[The defendant] represented [during the hearing] that 'Judge Riley certified

[4] We note that the pro se defendant's initial appeal was filed timely on October 13, 2006. On December 18, 2006, counsel for the defendant refiled the appeal form with an identical description of the appeal.

[5] The defendant's notarized affidavit that he submitted with his motion to open and to vacate stated: "I first went before Judge [Riley] on October 12, 2004 and found him to be friendly, courteous, professional, and polite, but after the hearing he did the opposite of what he stated he would do. On that day he asked me to wait for forty five minutes to see if [the plaintiff's attorney] would arrive, when he didn't arrive the hearing was held without him.

"On July 17, 2006, after appeal number II was history, Judge [Riley] appeared to be in another world and uninterested in my arguments. He made me wait for four hours while he ordered [the plaintiff's attorney] to show up and object.

"On August 21, 2006 after my formal complaint against Judge [Riley] to Governor Rell dated July 23, 2006 was filed, I found Judge [Riley] to be hostile and abusive. He sharply limited my examination of the committee and refused to let me question other witnesses. At the end of the hearing [the plaintiff's attorney] waived a motion to Judge [Riley] and stated that he had talked to Judge [Riley] prior to the hearing about this."

the sale under hostile hearings.' . . . The defendant described a complaint letter he had written to Governor Rell 'complaining about Judge Riley' and stated that the judge and [the plaintiff's attorney] 'had some conversation about the case,' implying that Judge Riley's presiding at the August hearing was tainted and improper." (Citation omitted.) Apart from the bare recitation of the allegations made during the hearing, the defendant provides no legal analysis to support his appeal. We therefore decline to review the appeal from the denial of the defendant's motion to open and to vacate the judgment. See *Rivnak* v. *Rivnak*, 99 Conn. App. 326, 332 n.4, 913 A.2d 1096 (2007) ("[a]nalysis, rather than mere abstract assertion, is required in order to avoid abandoning an issue by failure to brief the issue properly" [internal quotation marks omitted]).

The defendant's legal arguments, in contrast, involve the court's denial of his August 3, 2006 motion for a judgment to void the sales. We note that although the defendant's appeal form merely refers to the denial of his motion to open and to vacate the judgment, we are not decisively precluded from reviewing an appeal from the denial of his prior motion. See, e.g., *Pritchard* v. *Pritchard*, 281 Conn. 262, 275, 914 A.2d 1025 (2007) (compliance with appeal forms "need not be perfect; it is the substance that matters, not the form"). Nevertheless, the court filed no memorandum of decision, and the defendant has provided only an unsigned transcript of the proceedings. See Practice Book § 64-1. We are not unmindful that "[o]n occasion, we have reviewed claims of error in light of an unsigned transcript as long as the transcript contains a sufficiently detailed and concise statement of the court's findings and conclusions in connection with its decision." *Tisdale* v. *Riverside Cemetery Assn.*, 78 Conn. App. 250, 254 n.5, 826 A.2d 232, cert. denied, 266 Conn. 909, 832 A.2d 74 (2003). The unsigned transcript of August 21,

2006, however, does not include the court's reasoning in denying the motion for a judgment to void the sales. We thus have no vantage point from which to evaluate the legal analysis undertaken by the court.

"It is the appellant's burden to provide an adequate record for review. . . . It is, therefore, the responsibility of the appellant to move for an articulation or rectification of the record where the trial court has failed to state the basis of a decision . . . [or] to clarify the legal basis of a ruling . . . . In the absence of any such attempts, we decline to review this issue." (Internal quotation marks omitted.) *Marlin Broadcasting, LLC* v. *Law Office of Kent Avery, LLC*, 101 Conn. App. 638, 652, 922 A.2d 1131 (2007). Although the legal analysis of the court would be unnecessary if the issues in the appeal were questions of law; see *Norwalk* v. *Farrell*, 80 Conn. App. 399, 406 n.10, 835 A.2d 117 (2003); we reiterate that the proper standard of appellate review in this case depends on whether the trial court abused its discretion. See *Cox* v. *Burdick*, supra, 98 Conn. App. 176–77. Accordingly, we decline to review the defendant's claims.

The judgment is affirmed.

In this opinion the other judges concurred.