******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

ROBERT TEIXEIRA *v.* THE HOME DEPOT, INC.
(AC 38382)

Lavine, Mullins and Dubay, Js.

Argued February 21—officially released June 6, 2017

(Appeal from the Workers' Compensation
Commissioner for the seventh district.)

*Robert Teixeira*, self-represented, the appellant
(plaintiff).

*Nicholas W. Francis*, for the appellee (defendant).

*Opinion*

PER CURIAM. The plaintiff, Robert Teixeira, appeals from the decision of the Workers' Compensation Commissioner (commissioner) (1) denying the plaintiff's request for a continuance on the rescheduled trial date and (2) concluding that the plaintiff had not met his burden of proof that his discharge from employment by the defendant, The Home Depot, Inc., was retaliatory in violation of the Workers' Compensation Act, General Statutes § 31-275 et seq. (act).[1] We affirm the decision of the commissioner.

After careful review of the record, including the commissioner's decision, and the parties' appellate briefs and oral arguments, we conclude that the commissioner did not abuse her discretion in denying the plaintiff's request for a continuance on the day of the rescheduled trial. See *Bove* v. *Bove*, 93 Conn. App. 76, 84, 888 A.2d 123 (noting Connecticut courts are "especially hesitant to find an abuse of discretion where the court has denied a motion for continuance made on the day of trial" [internal quotation marks omitted]), cert. denied, 277 Conn. 919, 895 A.2d 788 (2006). We note that the commissioner already had continued the matter because the plaintiff discharged his attorney "just before walking into the hearing room" on the day of the previously scheduled trial.

We further conclude that the commissioner properly dismissed the plaintiff's claim of wrongful discharge after finding that the plaintiff failed to meet his initial burden of proof that his discharge was based on his filing a claim or otherwise exercising his rights under the act. The record simply does not reflect that the plaintiff had filed a claim for workers' compensation benefits or otherwise exercised the rights afforded to him pursuant to § 31-290a prior to being notified that his temporary employment by the defendant was coming to an end.

The decision of the Workers' Compensation Commissioner is affirmed.

[1] General Statutes § 31-290a (a) provides: "No employer who is subject to the provisions of this chapter shall discharge, or cause to be discharged, or in any manner discriminate against any employee because the employee has filed a claim for workers' compensation benefits or otherwise exercised the rights afforded to him pursuant to the provisions of this chapter."