******************************************************

The ''officially released'' date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the ''officially released'' date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.
******************************************************

## HSBC BANK USA, NATIONAL ASSOCIATION, TRUSTEE *v.* GERARD M. KARLEN ET AL.
### (AC 41432)

Elgo, Bright and Devlin, Js.

*Syllabus*

The plaintiff bank sought to foreclose a mortgage on certain real property owned by the defendant C, who, together with the defendant K, had executed a certain promissory note in 2006, which was secured by a mortgage on the subject property. In its complaint, the plaintiff alleged, inter alia, that the note was affected by a 2010 loan modification agreement, that the mortgage was assigned to the plaintiff in 2012, that the plaintiff was the holder of the note, that the note was in default for nonpayment, and that the plaintiff had elected to accelerate the balance due on the note and to declare the note due in full. Thereafter, the plaintiff filed a motion for summary judgment as to liability and attached an affidavit from D, the vice president for loan documentation for the plaintiff's servicing agent, who attested concerning the history of the 2006 note, including averring that the defendants had defaulted on the note by failing to make their May, 2013 payment or any payment thereafter. D attached to her affidavit a copy of the 2006 note and mortgage, the 2012 assignment and a notice of default letter sent by the plaintiff to the defendants in November, 2013, but she did not mention or attach the 2010 loan modification agreement. The defendants did not file an objection to the motion for summary judgment. The trial court granted the plaintiff's motion for summary judgment as to liability and, thereafter, rendered a judgment of foreclosure by sale, from which the defendants appealed to this court. *Held* that the trial court improperly granted the plaintiff's motion for summary judgment as to liability, the plaintiff having failed to establish an undisputed prima facie case for foreclosure: despite the allegations in the plaintiff's complaint, D's supporting affidavit and the attached documents regarding the defendants' default on the 2006 loan, the plaintiff pleaded that a 2010 loan modification agreement affected the 2006 note but, thereafter, failed to provide the trial court with a copy of that agreement or any evidence of its terms, and, therefore, that court had no way to assess whether the agreement had a substantive effect on the 2006 note or to ascertain whether the agreement modified any conditions precedent to foreclosure, whether the defendants were in default of the agreement or whether the plaintiff was in compliance with its terms, and although the defendants did not file an objection to the motion for summary judgment or raise an issue concerning the absence of the agreement via a special defense or otherwise before the trial court, it was the plaintiff's burden to establish its prima facie case; moreover, there was no merit to the plaintiff's contention that it presented evidence that the defendants defaulted on the loan as modified in 2010, as the notice of default letter was not proof of any default, D did not aver in her affidavit to a default on the modified note, and the fact that the plaintiff provided the trial court with an affidavit averring to a default without producing evidence of the underlying obligation that is in default was insufficient to establish entitlement to summary judgment.

Argued October 25, 2019—officially released January 7, 2020

*Procedural History*

Action to foreclose a mortgage on certain real property owned by the defendant Carla Rivers Karlen, and for other relief, brought to the Superior Court in the judicial district of Stamford-Norwalk, where the court, *Randolph, J.*, granted the plaintiff's motion for summary judgment as to liability; thereafter, the court, *Genuario, J.*, rendered a judgment of foreclosure by sale, from

which the named defendant et al. appealed to this court. *Reversed*; *further proceedings*.

*Thomas P. Willcutts*, with whom, on the brief, was *Michael J. Habib*, for the appellants (named defendant et al.).

*Sean R. Higgins*, for the appellee (plaintiff).

*Opinion*

BRIGHT, J. The defendants Gerard M. Karlen and Carla Rivers Karlen[1] appeal from the judgment of foreclosure by sale rendered by the trial court in favor of the plaintiff, HSBC Bank USA, National Association, as Trustee for Wells Fargo Asset Securities Corporation, Mortgage Pass-Through Certificates, Series 2007-2. On appeal, the defendants claim that the trial court improperly granted the plaintiff's motion for summary judgment as to liability.[2] We reverse the judgment of the trial court.

In 2014, the plaintiff commenced the underlying foreclosure action against the defendants with regard to property located at 10 Pheasant Lane in Westport. The plaintiff alleged the following facts in its complaint. On November 2, 2006, the defendants executed and delivered to Mortgage Electronic Registration Systems, Inc., as nominee for Wall Street Mortgage Bankers, Ltd., doing business as Power Express, a note for a loan in the original principal amount of $800,000, which was secured by a mortgage on the property.[3] The note was thereafter affected by a loan modification agreement dated effective November 17, 2010. The mortgage subsequently was assigned to the plaintiff by virtue of an assignment of mortgage dated February 2, 2012, and the plaintiff is the holder of the note. The note was in default, and the plaintiff elected to accelerate the balance due and declared the note to be due in full. When payment was not made, the plaintiff filed this action to foreclose the mortgage that secured the note.

In their answers and in a later disclosure of defenses, the defendants denied the essential allegations of the plaintiff's complaint and alleged defenses, including lack of jurisdiction, lack of standing, misapplied payments, and the lack of a contract between the parties.

On May 17, 2016, the plaintiff filed a motion for summary judgment as to liability. Attached to the plaintiff's motion was the affidavit of Diane F. Duckett, the vice president of loan documentation for Wells Fargo Bank, N.A., the servicing agent for the plaintiff. Duckett averred that the defendants executed a promissory note dated November 2, 2006, in the amount of $800,000, with the first payment being due on or about January 1, 2007, and the final payment being due on December 1, 2036. She further averred that the note was endorsed in blank and that the plaintiff was in possession of the note when this foreclosure was commenced in 2014. Duckett averred that the defendants executed a mortgage, also on November 2, 2006, conveying the property to Mortgage Electronic Registration Systems, Inc., as nominee for Wall Street Mortgage Bankers, Ltd., doing business as Power Express, which thereafter was assigned to the plaintiff in an assignment dated January 31, 2012. Duckett averred that the "unpaid balance of

the note [was] $846,894.50 plus interest from [April 1, 2013]," and that the defendants had failed to make their May 1, 2013 payment or any payment thereafter. Duckett attached a copy of the November 2, 2006 note and mortgage to her affidavit. She also attached the January 31, 2012 assignment and a default letter sent by the plaintiff to the defendants on November 26, 2013, notifying them that they had past due payments of $50,602.86.[4] She did not mention or attach the November 17, 2010 loan modification agreement. Nevertheless, the plaintiff's memorandum of law in support of its motion for summary judgment did state that the note "was modified by virtue of a [m]odification [a]greement dated effective November 17, 2010."

On August 11, 2017, the defendants filed a motion for an extension of time to respond to that plaintiff's motion for summary judgment so that they could pursue additional discovery, which the court granted, extending the filing deadline for the defendants' opposition to October 10, 2017. The defendants, however, did not file a response to the plaintiff's motion. The court scheduled the short calendar hearing on the plaintiff's motion for summary judgment as to liability for December 18, 2017. On December 15, 2017, the defendants filed a motion for continuance of the December 18, 2017 hearing on the ground that their counsel was unavailable on that date; they requested a one to two week continuance. Despite the defendants' request for a continuance and the plaintiff's acknowledgment to the court that such a motion had been filed, the court stated that it did not have the motion for continuance in front of it, and it granted the plaintiff's motion for summary judgment, without argument and in the defendants' absence.

On February 7, 2018, the plaintiff filed a motion for a judgment of strict foreclosure, to which the defendants objected. On February 20, 2018, the court rendered a judgment of foreclosure by sale, setting a sale date of April 28, 2018. This appeal followed.

On appeal, the defendants claim that the court improperly granted the plaintiff's motion for summary judgment as to liability. Specifically, they argue that although the plaintiff readily acknowledged in both its complaint and in its memorandum of law in support of its motion for summary judgment that the parties had entered into a loan modification agreement on November 17, 2010 (2010 modification agreement), neither the plaintiff nor its affiant, Duckett, ever alleged that the defendants were in default of the 2010 modification agreement; the only allegation of default was as to the original November 2, 2006 promissory note (2006 note), which, the plaintiff acknowledges in its complaint, was "affected" by the 2010 modification agreement. The defendants further argue that the plaintiff also failed to provide a copy of the 2010 modification agreement

to the court or to set forth its terms. Accordingly, they argue, the court improperly rendered summary judgment because it had no way of ascertaining whether the defendants were in default of the 2010 modification agreement or whether the plaintiff, itself, was in compliance with the terms of that agreement. We agree.

"In seeking summary judgment, it is the movant who has the burden of showing the nonexistence of any issue of fact. The courts are in entire agreement that the moving party for summary judgment has the burden of showing the absence of any genuine issue as to all the material facts, which, under applicable principles of substantive law, entitle him to a judgment as a matter of law. The courts hold the movant to a strict standard. To satisfy his burden the movant must make a showing that it is quite clear what the truth is, and that excludes any real doubt as to the existence of any genuine issue of material fact. . . . As the burden of proof is on the movant, the evidence must be viewed in the light most favorable to the opponent. . . . When documents submitted in support of a motion for summary judgment fail to establish that there is no genuine issue of material fact, the nonmoving party has no obligation to submit documents establishing the existence of such an issue. . . . Once the moving party has met its burden, however, the opposing party must present evidence that demonstrates the existence of some disputed factual issue. . . . It is not enough, however, for the opposing party merely to assert the existence of such a disputed issue. Mere assertions of fact . . . are insufficient to establish the existence of a material fact and, therefore, cannot refute evidence properly presented to the court under Practice Book § [17-45]. . . . Our review of the trial court's decision to grant [a] motion for summary judgment is plenary." (Citations omitted; footnote omitted; internal quotation marks omitted.) *Allstate Ins. Co.* v. *Barron*, 269 Conn. 394, 405–406, 848 A.2d 1165 (2004).

"In order to establish a prima facie case in a mortgage foreclosure action, the plaintiff must prove by a preponderance of the evidence that it is the owner of the note and mortgage, that the defendant mortgagor has defaulted on the note and that any conditions precedent to foreclosure, as established by the note and mortgage, have been satisfied. . . . Thus, a court may properly [render] summary judgment as to liability in a foreclosure action if the complaint and supporting affidavits establish an undisputed prima facie case and the defendant fails to assert any legally sufficient special defense." (Citations omitted; internal quotation marks omitted.) *GMAC Mortgage, LLC* v. *Ford*, 144 Conn. App. 165, 176, 73 A.3d 742 (2013).

In the present case, the plaintiff, in its complaint, alleged that it was the holder of the 2006 note that was secured by the defendants' mortgage on the property. See *U.S. Bank National Assn.* v. *Eichten*, 184 Conn.

App. 727, 744, 196 A.3d 328 (2018) ("[a] holder of a note is presumed to be the owner of the debt, and unless the presumption is rebutted, may foreclose the mortgage under [General Statutes § 49-17]" [internal quotation marks omitted]). This allegation is supported by the affidavit of Duckett and by copies of the 2006 note and mortgage attached to her affidavit. The plaintiff also alleged in its complaint that the defendants were in default of the 2006 note and mortgage; this allegation also is supported by Duckett's affidavit in which she attests that the defendants have failed to make their May 1, 2013 payment on the 2006 note and that they failed to make every payment thereafter. The plaintiff also alleged in its complaint that it complied with the conditions precedent to foreclosure, as established by the 2006 note and mortgage; this allegation also is supported by Duckett's affidavit and her supporting documents.

Nevertheless, despite these allegations and the supporting affidavit and documents, the plaintiff's complaint also alleged that the 2006 note was the subject of a modification agreement in 2010; Duckett's affidavit, however, contains no mention of the 2010 modification agreement or its terms. The complaint also failed to set forth the terms of the 2010 modification agreement and what effect that agreement had on the 2006 note. Additionally, there is no copy of the 2010 modification agreement in the record, which may have allowed the court to assess whether the agreement had a substantive effect on the 2006 note on which the defendants were alleged to have defaulted. The trial court also had no way of assessing whether the 2010 modification agreement modified any conditions precedent to foreclosure. See id. (to establish prima facie case in foreclosure action, plaintiff must prove, among other things, that it satisfied all conditions precedent to foreclosure).

Although the plaintiff argues that the defendants did not file an objection to its motion for summary judgment or raise an issue concerning the absence of the 2010 modification agreement via a special defense or otherwise before the trial court, because it is the plaintiff's burden to establish its prima facie case before it is entitled to summary judgment, this argument is not persuasive. See *Bayview Loan Servicing, LLC* v. *Frimel*, 192 Conn. App. 786, 795, 218 A.3d 717 (2019) (trial court, before granting motion for summary judgment as to liability in foreclosure action, first must determine whether plaintiff has established prima facie case, even if defendant has not filed opposition). The plaintiff pleaded the existence of a loan modification agreement that "affected" the 2006 note and, thereafter, failed to produce that agreement or to provide any evidence of its terms.

Alternatively, the plaintiff argues that it did present evidence that the defendants defaulted on the loan as

modified in 2010. In particular, the plaintiff argues that Duckett averred that the defendants defaulted on their obligations in May, 2013, more than two years after the modification and that the notice of default attached to Duckett's affidavit is dated November 26, 2013, more than three years after the modification. We are not persuaded.

The default notice is nothing more than an allegation of a default. It is not proof of any default. Furthermore, Duckett's affidavit avers that the defendants "are in default under the terms of the [n]ote and [m]ortgage . . . ." The affidavit defines the note as "a [p]romissory [n]ote . . . dated [November 2, 2006] . . . ." Nowhere in Duckett's affidavit does she aver a default on the modified note. Finally, there is little question that merely providing the court with an affidavit averring to a default without producing evidence of the underlying obligation that is in default would be insufficient for the court to render summary judgment.

Accordingly, in the present case, the plaintiff did not establish an undisputed prima facie case, and we conclude that the court improperly granted the plaintiff's motion for summary judgment as to liability. See *U.S. Bank National Assn.* v. *Eichten*, supra, 184 Conn. App. 744 (court properly may grant motion for summary judgment as to liability in foreclosure action only if complaint and supporting affidavits establish undisputed prima facie case).

The judgment is reversed and the case is remanded for further proceedings according to law.

In this opinion the other judges concurred.

[1] The Internal Revenue Service has an interest in the subject property and was named as a defendant in this case, but has not participated in this appeal. We, therefore, refer to Gerard M. Karlen and Carla Rivers Karlen as the defendants throughout this opinion.

[2] The defendants also had claimed that the court erred in failing to grant their motion for a continuance. During oral argument before this court, however, the defendants' counsel acknowledged that he could not demonstrate prejudice flowing from the trial court's failure to grant the defendants' motion for a continuance. Accordingly, the defendants cannot succeed on this claim, and we afford it no review. See *Bove* v. *Bove*, 93 Conn. App. 76, 84, 888 A.2d 123 ("[a]bsent a showing of actual prejudice, the court will not be found to have abused its discretion when denying the defendant's motion for a continuance" [internal quotation marks omitted]), cert. denied, 277 Conn. 919, 895 A.2d 788 (2016).

[3] On July 6, 2012, Carla Rivers Karlen became the owner of the property by way of a quit claim deed.

[4] The 2006 note attached to Duckett's affidavit demonstrates that the defendants' monthly payments were $4990.96. Duckett averred that the defendants were "in default under the terms of the [n]ote and [m]ortgage by failing to make the payment due for [May 1, 2013] and every payment thereafter." The default letter attached to Duckett's affidavit, dated November 26, 2013, states that the defendants owe past due payments of $50,602.86 and other fees of $2855, for a total delinquency as of that date of $53,457.86. If the defendants had failed to make seven successive monthly payments of $4990.96, it appears that their past due amount would be $34,936.72. Neither the default letter nor Duckett's affidavit explains the significant difference in these amounts.