IRIS S. LYNN *v.* RODERICK A. LYNN
(AC 34659)

Beach, Keller and Harper, Js.

---

34

Argued May 21—officially released August 13, 2013

*Roderick A. Lynn*, self-represented, the appellant (defendant).

*Iris Suarez*, self-represented, and *Jonathan D. Chomick*, filed a brief for the appellee (plaintiff).

*Opinion*

PER CURIAM. The self-represented defendant, Roderick A. Lynn, appeals from the judgment of the trial court concerning what funds, if any, the defendant owed to the self-represented plaintiff, Iris S. Lynn, following the disbursement of the proceeds of the sale of their marital home. In his brief to this court, the defendant sets forth nine interrelated claims in which he alleges that the court failed to address several issues and set forth findings of fact in contravention of a remand order

issued by this court.[1] We affirm the judgment of the trial court.

The record reflects that, on February 20, 2008, the court, *Prestley*, *J.*, dissolved the parties' marriage and issued various orders. Relevant to this appeal, the court ordered that the marital home be sold. It also ordered the following: "The proceeds of the sale, after closing costs are paid, shall be held in escrow . . . . The proceeds shall be divided [equally between the parties]. The defendant is 100 [percent] responsible for the mortgage debt [encumbering the marital home] owed [to] his father and brother. If the closing costs include and result in a payoff of the mortgage notes to the defendant's father and brother, the defendant's share of the proceeds shall be reduced by that amount."

On October 13, 2009, the plaintiff filed a motion for contempt in which she alleged that the defendant had violated the court's order with regard to the payment of the mortgage note held by his father. The court, *Dolan*, *J.*, held a hearing on the motion for contempt and, inter alia, found the defendant to be in contempt. The very next day, the defendant paid the purge amount set by the court, $21,671.19, thereby avoiding incarceration. The defendant appealed to this court, which held that the trial court misconstrued Judge Prestley's judgment and, by failing to consider several material arguments raised by the defendant, denied him due process of law. *Lynn* v. *Lynn*, 130 Conn. App. 319, 328, 23 A.3d 771 (2011). This court "reverse[d] the judgment of contempt and remand[ed] the matter for a hearing . . . to determine whether the defendant owes the plaintiff funds, and if so, how much." (Citation omitted.) Id., 330.

---

[1] We consider this appeal on the basis of the record, the briefs filed by the self-represented parties and the oral argument of the defendant before this court. The plaintiff waived her right to present oral argument before this court.

On remand from this court, the trial court, *Pinkus, J.,* held an evidentiary hearing and issued a memorandum of decision in which it stated that it was called on "to determine whether the defendant owes the plaintiff funds, and if so how much." The court set forth relevant findings of fact, including those related to issues surrounding the sale of the marital home, as well as its interpretation of Judge Prestley's financial orders. The court stated in relevant part: "The court has considered each and every claim made by the defendant and finds them to be without merit. By the clear language of the judgment, the payment of the mortgage debts to his brother and father were the defendant's responsibility. This court finds that the plaintiff would have received $28,996.81 had the mortgage to [the defendant's father] not been paid from the closing. . . . Pursuant to the testimony at the hearing, the plaintiff actually received $31,496.81. This is a combination of the money she received from the closing and the money paid pursuant to Judge Dolan's order including $2500 in attorney fees. Therefore the defendant overpaid the plaintiff the sum of $2500."

Before filing the present appeal, the defendant filed a motion for articulation in which he asked the court to articulate with regard to nine matters. The court denied the motion for articulation, noting that it "[had] carefully considered all of the claims put forth by the defendant in reaching its decision." After filing the appeal, the defendant filed a motion for articulation in which he asked the court to adjudicate eight matters that either were raised in motions that predated the filing of his original appeal or, in his view, were raised before the court during the proceedings on remand. The court denied this request.

We carefully have reviewed the defendant's appellate brief. The argument portion of the brief is five lines in length, summarily stating that the court improperly

failed to address issues that he raised in his trial brief and to set forth necessary facts, including a determination as to whether the plaintiff had lied under oath. Additionally, the defendant asserts therein that the court improperly denied one or both of his motions for articulation.[2] Finally, without any reference to specific judicial conduct or in what manner the claim was raised before and addressed by the trial court, the defendant states in the body of his brief that he was "denied neutral justice in New Britain Superior Court" because of judicial bias.[3]

The overriding deficiency in this appeal is that the defendant has set forth a multitude of claims, but has not provided an adequate and distinct analysis of those claims in his brief. In summary fashion, the defendant claims error by way of the trial court's failure to have addressed certain issues and to have made certain findings, but he has failed to demonstrate that the court improperly determined that it had carefully considered all of the issues relevant to the matter before it on remand, let alone why the court was legally required to have done more. Apart from issues that are conceivably related to the proceeds of the sale of the marital home, there is no explanation as to why the court was legally required to adjudicate an allegation of perjury concerning the plaintiff. Additionally, the reference to judicial bias is not supported by reference to any specific judicial conduct, let alone a reference to the manner in

[2] Insofar as the defendant challenges the judgment on the ground that the court denied one or both of his motions for articulation, the claim is not a proper subject of this appeal. The record does not reflect that the defendant sought appellate review of the court's denial of his articulation requests in accordance with Practice Book § 66-7. The motion for review, not the appeal, is the only appropriate means by which to obtain a remedy with regard to a decision on a motion for articulation. See Practice Book § 66-5; *Rivnak* v. *Rivnak*, 99 Conn. App. 326, 334–35, 913 A.2d 1096 (2007).

[3] A claim of judicial bias is not set forth in the defendant's statement of issues.

which a claim of this nature was raised before and addressed by the trial court, if at all. We are not persuaded that any of the claims raised in the defendant's brief should be reviewed on their merits.

"Although we are solicitous of the rights of pro se litigants . . . [s]uch a litigant is bound by the same rules . . . and procedure as those qualified to practice law. . . . [W]e are not required to review claims that are inadequately briefed. . . . We consistently have held that [a]nalysis, rather than mere abstract assertion, is required in order to avoid abandoning an issue by failure to brief the issue properly." (Internal quotation marks omitted.) *Traylor* v. *State*, 128 Conn. App. 182, 185 n.2, 15 A.3d 1173, cert. denied, 301 Conn. 927, 22 A.3d 1276 (2011). As this court has observed, "[a]ssignments of error which are merely mentioned but not briefed beyond a statement of the claim will be deemed abandoned and will not be reviewed by this court." (Internal quotation marks omitted.) *Dichello* v. *Holgrath Corp.*, 49 Conn. App. 339, 348 n.8, 715 A.2d 765 (1998).

Here, the court appears to have addressed the issue properly before it. The defendant has not demonstrated that the court's judgment should be reversed.

The judgment is affirmed.