******************************************************

The "officially released" date that appears near the beginning of an opinion is the date the opinion will be published in the Connecticut Law Journal or the date it is released as a slip opinion. The operative date for the beginning of all time periods for the filing of postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying an opinion that appear in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced or distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

# NICOLE C. JACKSON *v.* JOSHUA PRINCE ET AL.
## (AC 46961)

Alvord, Suarez and Clark, Js.

*Syllabus*

The plaintiff appealed from the judgment of the trial court, rendered following its granting of the defendants' motions to dismiss her breach of contract action for lack of personal jurisdiction due to, inter alia, insufficient process. The defendants J and M sold certain real property in Fairfield to the plaintiff, and the defendants Z and D were attorneys who represented the parties in the real estate transaction. In their motion to dismiss, J and M claimed, inter alia, that M was served in hand at their home, but that no copy was left for J, nor was he served in hand. Z and D claimed in separate motions that the plaintiff failed to effectuate proper service because the state marshal attempted to serve them by leaving a copy of the summons and complaint at their respective law firms, rather than serving them through in person or abode service, and they had not authorized anyone at their law offices to accept service on their behalf. On appeal, the plaintiff claimed that the court erred in, inter alia, concluding that it lacked personal jurisdiction over J and M on the basis of insufficiency of process and insufficient service. *Held*:

The trial court erred in concluding that the plaintiff's designation of "J and M" on the summons form as one defendant, rather than listing J and M as separate individuals, deprived the court of personal jurisdiction over M and J pursuant to statute (§ 52-45a), as the designation of "J and M" was a circumstantial defect that could not reasonably have resulted in any confusion about their identities, J and M did not dispute that they received actual notice of the action, and they did not claim that they suffered any prejudice from the plaintiff's failure to list them separately.

The trial court erred in dismissing the action as to J for insufficient service of process prior to holding an evidentiary hearing, as there was a factual dispute over whether the state marshal left a copy of the summons and complaint for J, and the court was not permitted to resolve that issue based solely on the parties' affidavits.

The trial court erred in concluding that it lacked personal jurisdiction over M, as the court found that the state marshal left one copy of the summons and complaint in the hands of M, thereby serving her in a manner allowed by statute (§ 52-57), and counsel for M conceded at oral argument before this court that M was properly served.

The trial court properly dismissed the action as to Z and D for lack of personal jurisdiction because the plaintiff failed to properly effectuate service pursuant to § 52-57 (a), and the record failed to support the plaintiff's claim that Z and D evaded service of process.

Argued February 3—officially released March 25, 2025

*Procedural History*

Action to recover damages for breach of contract, and for other relief, brought to the Superior Court in the judicial district of Fairfield, where the court, *Reed, J.*, granted the defendants' motions to dismiss and rendered judgment thereon, from which the plaintiff appealed to this court. *Reversed in part; judgment directed in part; further proceedings.*

*Nicole C. Jackson*, self-represented, the appellant (plaintiff).

*Christopher J. Jarboe*, for the appellees (named defendant et al.).

*Michael R. Keller*, with whom, on the brief, was *Justin R. Bengtson*, for the appellee (defendant Amy Zabetakis).

*Ryan V. Nobile*, with whom, on the brief, was *Robert C. E. Laney*, for the appellee (defendant John B. Devine).

*Opinion*

CLARK, J. The self-represented plaintiff, Nicole C. Jackson, appeals from the judgment of the trial court dismissing her action against the defendants, Joshua Prince (Joshua), Melinda Prince (Melinda), Amy Zabetakis, and John B. Devine. On appeal, the plaintiff claims that the court erred in (1) concluding that it lacked personal jurisdiction over Joshua and Melinda on the basis of insufficiency of process and insufficient service of process, (2) failing to hold an evidentiary hearing prior to dismissing the action as to Joshua and Melinda, and (3) concluding that it lacked personal jurisdiction over Zabetakis and Devine on the basis of insufficient service of process. We conclude that the court erred in concluding that it lacked personal jurisdiction over Melinda and in failing to hold an evidentiary hearing

prior to dismissing the action as to Joshua. We also conclude that the court properly dismissed the action as to Devine and Zabetakis. Accordingly, we reverse in part and affirm in part the judgment of the trial court.

The following facts as alleged in the pleadings and procedural history are relevant to this appeal. On January 4, 2022, the plaintiff purchased certain real property located in Fairfield (property) from Joshua and Melinda. Zabetakis and Devine are attorneys licensed to practice law in Connecticut. Devine represented Joshua and Melinda in connection with the transaction, and Zabetakis represented the plaintiff. The plaintiff alleges that in August, 2022, she discovered certain defects with the property that were not disclosed at the time of the sale.

The plaintiff commenced the present action on December 21, 2022. The summons, which was completed on the civil summons form published by the Judicial Branch, identifies "Joshua and Melinda Prince" as the "first defendant." In the return of service, the state marshal attested that he served Joshua and Melinda "by leaving at [their] usual place of abode . . . two true and attested copies of the within [summons and complaint] . . . ." The marshal further attested that he served Zabetakis by leaving a copy of the summons and complaint at "Rucci Law Group, 19 Old Kings [Highway] South, Darien," and that he served Devine by leaving a copy of the summons and complaint at "Devine & Devine, 65 East [Avenue], Norwalk . . . ."

On March 1 and 3, 2023, Zabetakis and Devine, respectively, moved to dismiss the action for lack of personal jurisdiction due to insufficient service of process. Zabetakis and Devine both argued that the plaintiff failed to effectuate proper service because the state marshal attempted to serve them by leaving the summons and

complaint at their respective law firms, rather than serving them through in person or abode service, as required by General Statutes § 52-57 (a).[1] Zabetakis filed an affidavit in which she averred that she did not receive personal service of the summons and complaint, that her usual place of abode is not 19 Old Kings Highway South in Darien, and that she did not authorize anyone at that address to accept service on her behalf. Likewise, Devine filed an affidavit in which he averred that he did not receive personal service of the summons and complaint, that his usual place of abode is not 65 East Avenue in Norwalk, and that he did not authorize anyone at that address to accept service on his behalf.

On March 3, 2023, Joshua and Melinda filed a motion to dismiss in which they claimed that the court lacked personal jurisdiction over them due to insufficient process because the summons identified "Joshua and Melinda Prince" as the first defendant, rather than listing them separately. In addition, Joshua claimed that the court lacked personal jurisdiction over him due to insufficient service of process because the marshal provided only a single copy of the summons and complaint to Melinda and did not leave a separate copy for Joshua. Melinda filed an affidavit in which she averred that she was personally served with a single copy of the summons and complaint and that the marshal did not leave a copy for Joshua. Joshua filed an affidavit in which he averred that he was not personally served with a copy of the summons and complaint and that a copy was not left for him at his usual place of abode.

On May 22, 2023, the court, *Reed, J.*, heard argument on the motions to dismiss. On September 12, 2023, the court entered separate orders granting all three motions

---

[1] General Statutes § 52-57 provides in relevant part: "(a) Except as otherwise provided, process in any civil action shall be served by leaving a true and attested copy of it, including the declaration or complaint, with the defendant, or at his usual place of abode, in this state."

to dismiss. As to Zabetakis and Devine, the court concluded that it lacked personal jurisdiction over them due to insufficient service of process "because service of process was not effectuated . . . by in hand or abode service in compliance with . . . § 52-57 (a) . . . ." As to Joshua and Melinda, the court concluded that it lacked personal jurisdiction over them due to insufficiency of process because the summons "describe[d] Joshua and [Melinda] as one defendant when they are two separate individuals," and due to insufficient service of process because the state marshal "left one copy [of the summons and complaint] only in the hands of [Melinda] . . . without leaving a true and attested copy of the process for [Joshua]." This appeal followed. Additional facts and procedural history will be set forth as necessary.[2]

---

[2] Prior to filing the appeal, on September 19 and 20, 2023, the plaintiff filed three separate motions requesting that the court clarify whether the dismissal orders were "with or without prejudice." The court did not rule on those motions.

After filing the appeal, on October 16, 2023, the plaintiff filed a motion for articulation, in which she requested that the court articulate: (1) "the statute or law the trial court relies upon when ignoring . . . that [Devine] and [Zabetakis] avoided providing personal contact information including on their abode"; (2) "the statute or law the trial court relies upon in . . . denying an evidentiary hearing" to resolve whether the marshal left a copy of the summons and complaint at Joshua's usual place of abode; and (3) whether the dismissal orders were "with or without prejudice . . . ." Following a hearing, on October 27, 2023, the court entered an order articulating that the dismissal orders were "without prejudice," but denying the remaining requests for articulation. The plaintiff did not file a motion for review of that order.

In her appellate brief, the plaintiff argues that the "failure to clearly articulate the grounds for dismissal" justifies reversal of the trial court's judgment. To the extent the plaintiff challenges the judgment on the basis that the court partially denied her motion for articulation, we decline to review that claim because "[t]he motion for review, not the appeal, is the only appropriate means by which to obtain a remedy with regard to a decision on a motion for articulation." *Lynn* v. *Lynn*, 145 Conn. App. 33, 37 n.2, 74 A.3d 506 (2013); see also Practice Book § 66-5. We note that, although this court "may order a further articulation of the basis of the trial court's factual findings or decision" if "necessary to the proper disposition

Before addressing the plaintiff's claims, we set forth the standard of review and legal principles applicable to the claims raised in this appeal. "A motion to dismiss tests, inter alia, whether, on the face of the record, the court is without jurisdiction. . . . The motion to dismiss . . . admits all facts which are well pleaded, invokes the existing record and must be decided upon that alone. . . . [O]ur review of the trial court's ultimate legal conclusion and resulting [denial] of the motion to dismiss will be de novo. . . . Factual findings underlying the court's decision, however, will not be disturbed unless they are clearly erroneous." (Citation omitted; internal quotation marks omitted.) *Prenderville* v. *Sinclair*, 164 Conn. App. 439, 451–52, 138 A.3d 336 (2016).

"[T]he Superior Court . . . may exercise jurisdiction over a person only if that person has been properly served with process, has consented to the jurisdiction of the court or has waived any objection to the court's exercise of personal jurisdiction. . . . [W]hen a particular method of serving process is set forth by statute, that method must be followed. . . . Unless service of process is made as the statute prescribes, the court to which it is returnable does not acquire jurisdiction. . . . A proper officer serving process must comply with the provisions of . . . § 52-57(a), which require that process be served by leaving it with the defendant, or at his usual place of abode . . . . Abode service is not effective if it is left at an address that is not the usual address of the party to be served, and an action commenced by such improper service must be dismissed. . . .

"For service pursuant to § 52-57 (a), the 'usual place of abode' presumptively is the defendant's home at the time when service is made. . . . Whether a particular

of the cause"; Practice Book § 60-5; no such articulation is necessary for the resolution of the plaintiff's claims.

locale is the usual place of abode is a question of fact. . . . When . . . the defendant is a resident of Connecticut who claims that no valid abode service has been made . . . that would give the court jurisdiction over [the defendant's] person, the defendant bears the burden of disproving personal jurisdiction. . . . When jurisdiction is based on personal or abode service, the matters stated in the return, if true, confer jurisdiction unless sufficient evidence is introduced to prove otherwise." (Citations omitted; internal quotation marks omitted.) *Jimenez* v. *DeRosa*, 109 Conn. App. 332, 338–39, 951 A.2d 632 (2008).

I

The plaintiff first claims that the court erred in concluding that it lacked personal jurisdiction over Joshua and Melinda due to insufficient process and insufficient service of process. The plaintiff argues that she accurately identified Joshua and Melinda as defendants on the civil summons form, and that listing "Joshua and Melinda Prince" on a single line on the form was merely a misnomer that did not render the summons insufficient. The plaintiff further argues that, because there was a factual dispute over whether the state marshal left two copies of the summons and complaint at Joshua and Melinda's usual place of abode, the court was required to hold an evidentiary hearing prior to dismissing the action for insufficient service of process. We agree.

The following additional procedural history is relevant to this claim. In the memorandum in support of their motion to dismiss, Joshua and Melinda argued that, by identifying "Joshua and Melinda Prince" as the "first defendant" on the civil summons form, the plaintiff had improperly "treat[ed] them as one defendant," rendering the process insufficient and depriving the court of personal jurisdiction over both of them.

Additionally, Joshua argued that the court lacked personal jurisdiction over him because, contrary to the attestation in the return of service, the marshal did not leave a separate copy of the summons and complaint for him at his usual place of abode. On April 18, 2023, the court scheduled oral argument on the motions to dismiss. On May 18, 2023, Joshua and Melinda filed a request for an evidentiary hearing on their motion to dismiss, in which they requested that, "if the court determines that further evidence is required on the issues raised in their motion, that the evidentiary hearing be held simultaneously with the hearing already scheduled for May 22, 2023."

During oral argument on the motion to dismiss, counsel for Joshua and Melinda reiterated the arguments set forth in their written motion, namely, that the court should dismiss the action as to both Joshua and Melinda due to insufficiency of process and that the action "should be dismissed as to Joshua . . . based on insufficiency of service of process." With respect to the latter argument, counsel noted that the affidavits submitted by Joshua and Melinda disputed the marshal's attestation that he had left two copies of the summons and complaint at their residence. Counsel further argued "that [the affidavits leave] us currently with a factual dispute" and noted that Joshua and Melinda were available to testify. The court responded that "[t]his is not an evidentiary hearing. . . . We've not set aside time sufficient for evidence if it's needed. So, we're not going to do that today."

On September 12, 2023, the court entered an order dismissing the action as to Joshua and Melinda without holding an evidentiary hearing. With respect to the contention that the summons failed to identify Joshua and Melinda separately, the court determined that "the summons and complaint improperly identify Joshua and [Melinda] jointly as one defendant. Yet, they are, in fact,

separate individuals, and not a business or corporate entity called 'Joshua and Melinda Prince.' The legal process is defective in treating them as one defendant. It is axiomatic that individual persons who are claimed to be liable for damages should be listed as separate defendants so that they may appear and plead in their individual capacities and assert such rights and defenses that may individually apply." The court further noted that "General Statutes § 52-45a provides that civil actions shall be commenced by legal process consisting of a writ of summons or attachment, describing the parties, the court to which it is returnable, the return day, and the date and place for filing of an appearance." The court concluded that "[i]t is inaccurate and insufficient to describe Joshua and [Melinda] as one defendant when they are two separate individuals, each with his or her own rights in the court process."[3]

The court then addressed Joshua's claim that the plaintiff failed to effectuate proper service. The court determined that, "[a]lthough the state marshal stated

---

[3] We note that the order did not expressly state that the court concluded that it lacked personal jurisdiction over Joshua and Melinda due to insufficiency of process. On appeal, however, the plaintiff and Joshua and Melinda treat the court's order as concluding that it lacked personal jurisdiction due to insufficiency of process, Joshua and Melinda argue that the court properly dismissed the action due to insufficiency of process, and the plaintiff argues that any defect in the summons did not deprive the court of personal jurisdiction. Construing the court's order as a whole, and in light of the arguments raised by the parties before the trial court and on appeal, we conclude that the court implicitly concluded that it lacked personal jurisdiction over Joshua and Melinda due to insufficiency of process. See *Alpha Beta Capital Partners, L.P.* v. *Pursuit Investment Management, LLC*, 193 Conn. App. 381, 428, 219 A.3d 801 (2019) ("The interpretation of a trial court's judgment presents a question of law over which our review is plenary. . . . The determinative factor is the intention of the court as gathered from all parts of the judgment. . . . Effect must be given to that which is clearly implied as well as to that which is expressed. . . . The judgment should admit of a consistent construction as a whole." (Internal quotation marks omitted.)), cert. denied, 334 Conn. 911, 221 A.3d 446 (2020), and cert. denied, 334 Conn. 911, 221 A.3d 446 (2020).

in his return of process that he served [Joshua] and [Melinda] by leaving two true and attested copies of the process at their usual place of abode, this is contradicted by Joshua and [Melinda] in their affidavits. In her affidavit, [Melinda] states that the state marshal . . . served her with one copy in hand,[4] and that the state marshal did not give her or leave a true and attested copy of the summons and complaint for her husband, [Joshua]. [Joshua] states in his affidavit that he was never served in hand, and the return of process submitted by the state marshal does not claim that he served [Joshua] in hand (or by reading it). Rather, the marshal claims that he served [Joshua] and [Melinda] by abode with two true and attested copies. The fact that the marshal actually served [Melinda] in hand, while stating in his return that he served her by abode, shows that the return is inaccurate, and gives reason to doubt that he left two true and attested copies at the abode. The better evidence is that the marshal left one copy only in the hands of [Melinda], thereby serving her in a manner allowed by . . . § 52-57, but without leaving a true and attested copy for [Joshua] . . . .

"The fact that the civil summons lists Joshua and [Melinda] as one defendant . . . and that the complaint describes them as 'Defendant 1,' suggests that the plaintiff might not have been aware that individual persons who are being sued in their individual capacities, as opposed to a business or corporate entity named 'Joshua and Melinda Prince,' should be listed as separate defendants. The plaintiff's listing of them together

---

[4] The order incorrectly states that Melinda averred in her affidavit "that the state marshal *never* served her with one copy in hand . . . ." (Emphasis added.) Later in the same paragraph, however, the order correctly states that "the marshal actually served [Melinda] in hand," and it is undisputed that Melinda's affidavit states that she "was served by a [s]tate [m]arshal in hand with one copy of the summons and complaint in this case." Thus, it appears that the court's statement that the marshal "never served [Melinda] with one copy in hand" was a scrivener's error.

suggests that the plaintiff considered them as one, leading to a reasonable inference that the plaintiff would have given the marshal only one copy of the process to be served on [them] jointly. This manner of service does not comply with . . . § 52-57, nor is it how summonses are typically served." (Citations omitted; footnote added.) The court concluded "that the plaintiff has failed to effectuate proper service of process upon [Joshua] and [Melinda] and the court, therefore, lacks personal jurisdiction over them."

A

We first address the court's conclusion that it lacked personal jurisdiction over Joshua and Melinda due to insufficiency of process. General Statutes § 52-123 provides that "[n]o writ, pleading, judgment or any kind of proceeding in court or course of justice shall be abated, suspended, set aside or reversed for any kind of circumstantial errors, mistakes or defects, if the person and the cause may be rightly understood and intended by the court." "Section 52-123 is a remedial statute and therefore must be liberally construed in favor of those whom the legislature intended to benefit. . . . Our Supreme Court has explained that § 52-123 replaces the common law rule that deprived courts of subject matter jurisdiction whenever there was a misnomer . . . in an original writ, summons or complaint. . . . When a misnomer does not result in prejudice to a party, the defect in the writ is circumstantial error." (Internal quotation marks omitted.) *Young* v. *Vlahos*, 103 Conn. App. 470, 478, 929 A.2d 362 (2007), cert. denied, 285 Conn. 913, 943 A.2d 474 (2008).

"When the correct party is designated in a way that may be inaccurate but which is still sufficient for identification purposes, the misdesignation is a misnomer. Such a misnomer does not prevent the exercise of [personal] jurisdiction if the defendant was actually served

and knew he or she was the intended defendant. This is in contradistinction to the case in which the plaintiff has misconstrued the identity of the defendant and has therefore named and served the wrong party. The issue, then, is whether a misnomer is a designation of the right party in a way which may be inaccurate but which is still sufficient for identification purposes or whether the wrong person has been designated as a party." (Internal quotation marks omitted.) *Lussier* v. *Dept. of Transportation*, 228 Conn. 343, 350, 636 A.2d 808 (1994). "Service is proper despite a misnomer if the complaint is not susceptible to any reasonable doubt or confusion about who it was the plaintiff intended to sue." (Internal quotation marks omitted.) *Gaddy* v. *Mount Vernon Fire Ins. Co.*, 192 Conn. App. 337, 346, 217 A.3d 1082 (2019).

In the present case, it is apparent from our review of the record that the designation of Joshua and Melinda as "Joshua and Melinda Prince" could not reasonably have resulted in any confusion about the identity of the defendants. The complaint describes Joshua and Melinda as "the previous owners and sellers of the property." Attached to the complaint are copies of a rider to the real estate sales agreement and the residential property condition report from the sale of the property, both of which identify the sellers as "Joshua and Melinda Prince." Moreover, Joshua and Melinda do not dispute that they received actual notice of the action and do not claim that there was any confusion that they were the intended defendants or that they suffered any prejudice from the plaintiff's failure to list them separately on the summons. See, e.g., *Lussier* v. *Dept. of Transportation*, supra, 228 Conn. 348–49, 352 (designation in summons of defendant as "State of Connecticut, Department of Transportation" rather than "Commissioner of Transportation" did not deprive court of jurisdiction where commissioner was named in complaint and received actual notice); *Ryan* v. *Cassella*, 180 Conn.

App. 461, 474–75, 184 A.3d 311 (2018) (summons that misspelled defendant's name was circumstantial defect that did not deprive court of jurisdiction where defendant received actual notice and claimed no prejudice as result of defect). Accordingly, we conclude that the designation of Joshua and Melinda as "Joshua and Melinda Prince" was a circumstantial defect that did not deprive the court of personal jurisdiction.

B

We next address the plaintiff's contention that the court erred by failing to hold an evidentiary hearing prior to dismissing the action as to Joshua and Melinda on the basis of insufficient service of process. We first note that, although the court concluded that it lacked personal jurisdiction over both Joshua and Melinda due to insufficient service of process, Melinda did not move to dismiss the action on that basis. In their joint motion to dismiss, Joshua and Melinda both claimed that the action should be dismissed due to insufficiency of process, but only Joshua sought dismissal on the basis of lack of personal jurisdiction due to insufficient service of process. In her affidavit filed in support of the joint motion, Melinda conceded that she "was served by a state marshal in hand with one copy of the summons and complaint," and the trial court found that the state marshal "left one copy [of the summons and complaint] in the hands of [Melinda], *thereby serving her in a manner allowed by* . . . *§ 52-57* . . . ." (Emphasis added.) Moreover, during oral argument before this court, counsel for Melinda conceded that she was properly served. Accordingly, we conclude that the trial court erred in concluding that it lacked personal jurisdiction over Melinda.

With respect to Joshua, it is well settled that "where a jurisdictional determination is dependent on the resolution of a critical factual dispute, it cannot be decided

on a motion to dismiss in the absence of an evidentiary hearing to establish jurisdictional facts." (Internal quotation marks omitted.) *Godbout* v. *Attanasio*, 199 Conn. App. 88, 97, 234 A.3d 1031 (2020). "When issues of fact are necessary to the determination of a court's jurisdiction, due process requires that a trial-like hearing be held, in which an opportunity is provided to present evidence and to cross-examine adverse witnesses." (Internal quotation marks omitted.) *Schaghticoke Tribal Nation* v. *Harrison*, 264 Conn. 829, 833, 826 A.2d 1102 (2003). "It [is] axiomatic . . . that in a case where the pleadings and submissions of the parties themselves necessarily raise a dispute about a fact that is central to the court's jurisdictional determination, the court has an independent duty, even in the absence of a part[y's] request, to hold an evidentiary hearing prior to resolving the factual dispute." *307 White Street Realty, LLC* v. *Beaver Brook Group, LLC*, 216 Conn. App. 750, 772 n.13, 286 A.3d 467 (2022).

In the present case, the court's conclusion that the plaintiff failed to effectuate proper service on Joshua rested on its determination that the state marshal left only one copy of the summons and complaint with Melinda when he served her in person. The papers submitted by the parties, however, indicate that there was a factual dispute as to that issue: the marshal attested in the return of service that he left two copies at Joshua and Melinda's usual place of abode, but Joshua and Melinda averred in their affidavits that no copy was left for Joshua. In the order granting the motion to dismiss, the court relied solely on the papers submitted by the parties to support its determination that "[t]he better evidence is that the marshal left one copy [of the summons and complaint] only in the hands of [Melinda] . . . without leaving a true and attested copy [of the process] for [Joshua]." Likewise, Joshua argues on appeal that "the evidence regarding service of process

was not equally balanced, but weighed in [Joshua's] favor" because Joshua and Melinda "filed two affidavits . . . showing that the state marshal's return was erroneous." Joshua further argues that, "[a]fter the defendants submitted affidavits squarely challenging the veracity of the marshal's return, it should be incumbent on the plaintiff to dispute the facts contained therein."

It is well established, however, that "an officer's return of abode service is prima facie evidence of the facts stated therein . . . [and] a defendant who contests the facts stated in the return bears the initial burden of *disproving* personal jurisdiction." (Citation omitted; emphasis in original.) *Jimenez* v. *DeRosa*, supra, 109 Conn. App. 341. Where a court's jurisdictional determination requires resolution of a factual dispute, "[a]n evidentiary hearing is necessary because a court cannot make a critical factual [jurisdictional] finding based on memoranda and documents submitted by the parties." (Internal quotation marks omitted.) *Godbout* v. *Attanasio*, supra, 199 Conn. App. 97. "Affidavits are insufficient to determine factual issues raised on a motion to dismiss unless . . . they disclose that no genuine issue as to a material fact exists. . . . If a motion to dismiss turns on disputed issues of fact, an evidentiary hearing *must be held* to afford the parties an opportunity to present evidence and to cross-examine adverse witnesses." (Citation omitted; emphasis added; internal quotation marks omitted.) *Adolphson* v. *Weinstein*, 66 Conn. App. 591, 594 n.3, 785 A.2d 275 (2001), cert. denied, 259 Conn. 921, 792 A.2d 853 (2002). Because the dispute over whether the marshal left a copy of the summons and complaint for Joshua was critical to the court's jurisdictional determination, the court was not permitted to resolve that issue solely on the basis of the affidavits. See, e.g., *Weinstein & Wisser, P.C.* v. *Cornelius*, 151 Conn. App. 174, 182–83, 94 A.3d 700 (2014) (remanding for evidentiary hearing where

affidavits raised disputed factual issue regarding whether defendant was served at his usual place of abode). Accordingly, we conclude that the court erred by granting the motion to dismiss as to Joshua without holding an evidentiary hearing.

II

The plaintiff next claims that the court erred in concluding that it lacked personal jurisdiction over Zabetakis and Devine. The plaintiff does not challenge the court's determination that she failed to serve Zabetakis and Devine either in person or at their usual place of abode but argues that the court failed to consider evidence that Zabetakis and Devine "evad[ed] service by withholding their residential addresses . . . thus compelling the plaintiff to serve them at their last known professional addresses." The plaintiff further argues that Practice Book § 10-13 authorizes service of process on an attorney at his or her last known professional address. We disagree.

The following additional procedural history is relevant to this claim. As discussed previously, Zabetakis and Devine moved to dismiss the action for lack of personal jurisdiction on the basis that the state marshal attempted to serve them by leaving the summons and complaint at their respective law firms, rather than serving them through in person or abode service. On March 17, 2023, the plaintiff filed an objection to the motions to dismiss, in which she argued that it was proper to serve Zabetakis and Devine at their place of employment because they did not provide her with information concerning their place of abode. The plaintiff indicated that she had emailed Zabetakis on two occasions to request "legal malpractice contact information," and that Zabetakis never responded to such emails. The plaintiff attached an affidavit to her objection, in which she averred that she "acted in good faith in serving

appropriate notice to the defendants given the information provided and to the best extent possible in accordance with . . . [§ 52-57] and in the information provided by the Superior Court at Bridgeport concerning an approved list of [s]tate [m]arshals." The affidavit did not reference any attempt by the plaintiff to ascertain the usual place of abode of Zabetakis or Devine, and the plaintiff did not include copies of the emails she claimed to have sent to Zabetakis requesting "legal malpractice contact information." During argument before the trial court, the plaintiff reiterated her contention that Zabetakis and Devine evaded service by failing to provide her with information concerning their place of abode and argued that "if they do not . . . provide personal contact information, I have to serve them at a place of [employment] where I can find them." On September 12, 2023, the court entered separate orders dismissing the action as to Zabetakis and Devine for lack of personal jurisdiction on the basis that the plaintiff failed to effectuate service in accordance with § 52-57 (a).

This court has recognized that, "if a putative party can be shown to have been evading service of process, [n]otice of a complaint coupled with good faith attempted service is sufficient to confer jurisdiction." (Internal quotation marks omitted.) *Jimenez* v. *DeRosa*, supra, 109 Conn. App. 339–40. "[W]here facts occur which would convince a reasonable man that personal service of process is being attempted, service cannot be avoided by denying service and moving away without consenting to take the document in hand; and service may be effected by depositing the paper in some appropriate place in his presence where it will be most likely to come into his possession . . . ." (Internal quotation marks omitted.) *Bove* v. *Bove*, 93 Conn. App. 76, 82, 888 A.2d 123, cert. denied, 277 Conn. 919, 895 A.2d 788 (2006), quoting 72 C.J.S. 629, Process § 43 (b) (1987).

"Whether a defendant has engaged in such evasive maneuvers is a question of fact." *Jimenez* v. *DeRosa*, supra, 109 Conn. App. 340 n.3. When a defendant submits uncontested evidence demonstrating that the plaintiff failed to effectuate service in accordance with statutory requirements, a plaintiff claiming that the defendant evaded service bears the burden of proof. Id., 341.

In the present case, Zabetakis and Devine submitted affidavits averring that they were not served in person or at their usual place of abode, and that they had not authorized anyone at their law offices to accept service on their behalf. The plaintiff did not contest the information contained in those affidavits but, instead, claimed that she was excused from serving Zabetakis and Devine in accordance with § 52-57 (a) because they evaded service. The plaintiff, however, did not present any evidence in support of that claim; instead, she relied solely on the unsubstantiated assertion in her objection to the motion to dismiss that Zabetakis failed to respond to her request for "legal malpractice contact information."

The plaintiff's failure to provide evidence to support her assertion that Zabetakis and Devine evaded service is fatal to that claim. See, e.g., *Jimenez* v. *DeRosa*, supra, 109 Conn. App. 341 (burden is on plaintiff to prove that defendant evaded service of process). Moreover, even if the plaintiff had presented evidence in support of her claim, the mere fact that a defendant does not voluntarily provide the plaintiff with information concerning his or her place of abode, without more, is insufficient to establish that the defendant evaded service of process. Rather, to establish that a defendant evaded service, the plaintiff is required to present evidence that the defendant took affirmative steps to avoid the plaintiff's good faith efforts at effectuating service in accordance with statutory requirements. See, e.g.,

*Bove* v. *Bove*, supra, 93 Conn. App. 80–81 (plaintiff's good faith attempt to serve defendant was sufficient to confer personal jurisdiction where defendant evaded service by running away from sheriff who was attempting to serve him and then, after witnessing sheriff leave process in mailbox, calling postal service to remove process rather than retrieving it). In the present case, there is no evidence that the marshal made any effort to serve Zabetakis or Devine in person, or that either defendant took any action to prevent the plaintiff from effectuating service. See, e.g., *Prenderville* v. *Sinclair*, supra, 164 Conn. App. 456 (defendant did not evade service by changing business address without notifying Secretary of the State; "[i]t was instead the plaintiffs' failure to use an alternative method of service once their original attempt failed that caused the untimely service and return of process"). Accordingly, the record does not support the plaintiff's claim that Zabetakis and Devine evaded service of process.

The plaintiff's contention that Practice Book § 10-13 authorizes service of process on an attorney at his or her last known professional address also is misplaced. The plaintiff relies on language in § 10-13 providing that "[s]ervice upon the attorney or upon a self-represented party, except service pursuant to Section 10-12 (c), may be by delivering a copy or by mailing to the last known address of the attorney or party. Delivery of a copy within this section means handing it to the attorney or to the party; or leaving it at the attorney's office with a person in charge thereof; or, if there is no one in charge, leaving it in a conspicuous place therein . . . ." This court has recognized, however, that § 10-13 does not provide a substitute for compliance with statutory rules of service. Rather, "[§] 10-13 describes the acceptable methods of service of the documents identified in Practice Book § 10-12." *Ciara* v. *Atlantic Motors, LLC,* 223 Conn. App. 164, 170, 307 A.3d 962, cert. denied, 348

Conn. 951, 309 A.3d 303 (2024). Section 10-12, in turn, provides in relevant part that "[i]t is the responsibility of counsel or a self-represented party filing the same to serve *on each other party who has appeared* one copy of every pleading *subsequent to the original complaint,* every written motion . . . and every paper relating to discovery, request, demand, claim, notice or similar paper . . . ." (Emphasis added.) Thus, the provision in § 10-13 allowing for service at an attorney's office applies to the service on a "party who has appeared" of pleadings and other papers filed "subsequent to the original complaint"; it does not provide a substitute means of serving process for purposes of commencing an action.[5]

Section 52-45a governs the commencement of civil actions and provides that "[c]ivil actions shall be commenced by legal process consisting of a writ of summons or attachment," which "shall be accompanied by the plaintiff's complaint." As discussed previously, § 52-57 (a) requires that "process in any civil action shall be served by leaving a true and attested copy of it, including the declaration or complaint, with the defendant, or at his usual place of abode, in this state." "[W]hen a particular method of serving process is set forth by statute, that method must be followed. . . . Unless service of process is made as the statute prescribes, the court to which it is returnable does not acquire jurisdiction." (Internal quotation marks omitted.) *Jiminez* v. *DeRosa*, supra, 109 Conn. App. 338. Thus, the court did not acquire personal jurisdiction over Zabetakis and Devine based on the plaintiff's compliance with provisions of our rules of practice governing service on appearing parties of pleadings and other papers filed subsequent to the original complaint.

_____

[5] We also note that, although Zabetakis and Devine are attorneys admitted to practice in Connecticut, their status in the present case is as parties, not counsel. Thus, the provision in Practice Book § 10-13 allowing service of pleadings and other papers subsequent to the original complaint by "leaving

The plaintiff also argues that, as attorneys, Zabetakis and Devine had an ethical obligation to provide her with information concerning their usual place of abode. In support of that contention, the plaintiff relies on rule 1.4 (a) (4) of the Rules of Professional Conduct, which provides that "[a] lawyer shall . . . promptly comply with reasonable requests for information . . . ." We note that the plaintiff did not present any evidence that she asked Zabetakis and Devine for their home addresses. More importantly, as the commentary makes clear, rule 1.4 governs communication during the attorney-client relationship and is intended to ensure that "the client effectively [is able] to participate in the representation." Rules of Professional Conduct 1.4, commentary. The rule does not impose on attorneys an obligation to disclose their home address to a plaintiff in the context of an impending lawsuit.[6] Accordingly, we conclude that the trial court properly dismissed the action as to Zabetakis and Devine for lack of personal jurisdiction.[7]

it at the attorney's office" would apply to service on *counsel* for Zabetakis and Devine after they appeared in the action, not on them personally.

[6] The plaintiff also relies on rule 8.4 (3) of the Rules of Professional Conduct, which provides in relevant part that "[i]t is professional misconduct for a lawyer to . . . [e]ngage in conduct involving dishonesty, fraud, deceit or misrepresentation . . . ." The plaintiff does not explain how an attorney's failure voluntarily to disclose his or her home address constitutes conduct that falls within the ambit of that rule.

[7] The plaintiff argues that, as a self-represented litigant, she "made good faith efforts to comply with the procedural rules," and that "any alleged defects in service are minor and do not justify the dismissal of her claims." Although "[i]t is the established policy of the Connecticut courts to be solicitous of [self-represented] litigants and when it does not interfere with the rights of other parties to construe the rules of practice liberally in favor of the [self-represented] party . . . the right of self-representation provides no attendant license not to comply with relevant rules of procedural and substantive law." (Internal quotation marks omitted.) *Burton* v. *Dept. of Environmental Protection*, 337 Conn. 781, 803–804, 256 A.3d 655 (2021). "While a trial court can exhibit some degree of leniency towards a [self-represented] plaintiff, the court cannot disregard established and mandatory requirements which circumscribe jurisdiction in the first instance." *Basilicato* v. *Dept. of Public Utility Control*, 197 Conn. 320, 324, 497 A.2d 48 (1985).

The judgment is reversed with respect to the order dismissing the action as to Joshua Prince and Melinda Prince and the case is remanded with direction to deny the motion to dismiss as to Melinda Prince and for an evidentiary hearing to determine whether the plaintiff properly effectuated service of process on Joshua Prince; the judgment is affirmed in all other respects.

In this opinion the other judges concurred.